UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>    v.<br><br>ST. LAWRENCE UNIVERSITY, and ERNESTO MORALEZ, in his individual and professional capacity,<br><br>                Defendants. | Case No. 8:23-cv-00426-BKS-DJS |

### DEFENDANT ERNESTO MORALEZ'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

**NESENOFF & MILTENBERG, LLP**

**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Helen J. Setton, Esq.**
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500

*Attorneys for Defendant Ernesto Moralez*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Legal Standard ................................................................................................................ 2

    II.    Allegations of Sexual Assault Are Not Dispositive for Motions to Proceed Anonymously 4

    III.    Plaintiff's Prior Very Public Disclosure of Her Identity in Connection With This Matter Weighs Heavily Against Proceeding Anonymously ..................................................................... 5

    IV.    Vague Allegations of Mental Harm Are an Insufficient Basis to Proceed Anonymously And Plaintiff Has Not Alleged the Risk of Any Harm to Others ................................................. 8

    V.    Plaintiff's Age Weighs Against Proceeding Anonymously ................................................ 11

    VII.    Moralez Will Be Extremely Prejudiced if He is Forced to Defend The Serious Allegations in this Action Publicly While Plaintiff is Anonymous .......................................... 13

    VIII.    There Are Alternative Mechanisms to Protect Plaintiff's Confidentiality .................... 15

CONCLUSION .............................................................................................................................. 16

# **TABLE OF AUTHORITIES**

**Cases**

*A.B. v. Hofstra Univ.*,
  2018 WL 1935986 (E.D.N.Y. Apr. 24, 2018) ....................................................................... 12
*Anonymous v. Simon*,
  13-cv-2927 2014 WL 819122 (S.D.N.Y. March 3, 2014) ....................................................... 4
*Doe 1 v. Starpoint Cent. School Dist.*,
  23-CV-207-LJV, 2023 WL 2752509 (WDNY Apr. 3, 2023) .................................................. 2
*Doe No. 2 v. Kolko*,
  242 FRD 193 (EDNY 2006) ............................................................................................ 14, 15
*Doe v. Combs*,
  No. 23-CV-10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024) ......................... passim
*Doe v. Cornell Univ.*,
  319CV1189MADML, 2021 WL 6128738 (NDNY 2021) ...................................... 4, 10, 12, 13
*Doe v. Del Rio,*
  241 FRD 154 (SDNY 2006) ............................................................................................ passim
Doe v. Delta Airlines. Inc.,
  310 F.R.D. 222 (S.D.N.Y. 2015) ............................................................................................ 15
*Doe v. Frank*,
  951 F.2d 320 (11th Cir. 1992) .................................................................................................. 2
*Doe v. Gong Xi Fa Cai, Inc.*,
  2019 WL 3034793 (S.D.N.Y. July 10, 2019) ......................................................................... 10
*Doe v. Shakur,*
  164 F.R.D. 359 (S.D.N.Y. 1996) ............................................................................................ 15
*Doe v. Shakur*,
  164 FRD 359 (SDNY 1996) ............................................................................................ passim
*Doe v. Skyline Automobiles Inc.*,
  375 F Supp 3d 401 (SDNY 2019) ................................................................................... passim
Doe v. Smith,
  105 F.Supp.2d 40 (E.D.N.Y.1999) ...................................................................................... 9, 10
*Doe v. Telemundo Network Group LLC*,
  22 CIV. 7665 (JPC), 2023 WL 6259390 (SDNY Sept. 26, 2023) ............................. 4, 7, 11, 12
*Doe v. Townes,*
  2020 WL 2395159 (S.D.N.Y. May 12, 2020) ................................................................ 4, 8, 13
*Doe v. Weinstein*,
  484 F Supp 3d 90 (SDNY 2020) ........................................................................... 10, 11, 14, 16
*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) ..................................................................................................... 2
*Rapp v. Fowler*,
  537 F Supp 3d 521 (SDNY 2021) ................................................................................... passim

*Roe v. RPI*,
    122CV932TJMATB, 2023 WL 3853647 (NDNY Mar. 8, 2023) ........................................... 13
*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2009) ...................................................................................... passim
*United States v. Pilcher*,
    950 F.3d 39 (2d Cir. 2020) ................................................................................................ 2
*United States v. Pilcher*,
    950 F.3d 39 (2nd Cir. 2020) .............................................................................................. 3

**Rules**

Fed. R. Civ. P. 10(a) ........................................................................................................... 2

**PRELIMINARY STATEMENT**

Defendant Ernesto Moralez ("Moralez") hereby submits this memorandum of law in opposition to Plaintiff Jane Doe's ("Plaintiff") motion to proceed anonymously. This action is based on Plaintiff's allegations accusing Moralez of drugging her and sexually assaulting her. See Complaint (Dkt. No. 1). As described below and in Moralez's Declaration and the Counterclaims in his Answer (Dkt. No. 12), prior to initiating this action Plaintiff publicized her allegations against Moralez repeatedly on social media and by other means, stating inter alia that she was raped by a colleague and that she was "trying to contain [her] excitement. Pressing first and second degree rape charges."[1] Yet, Plaintiff chose to file this action via pseudonym and initially failed to request the Court's permission to do so. After filing the within action, Plaintiff's counsel distributed flyers on St. Lawrence University's ("SLU") campus, which stated inter alia "Stop SLU from endorsing sexual assault. Protect students and faculty" and contained a QR Code and a link to Plaintiff's Complaint listed on Plaintiff's counsel's website[2]. Plaintiff's counsel also issued a statement to multiple news outlets.

Plaintiff has failed to provide the Court with any justification for the rare measure of allowing a plaintiff to proceed via pseudonym. As described below, nearly every factor enumerated by the Second Circuit to evaluate the propriety of a pseudonym weighs against granting Plaintiff's motion. Plaintiff has vaguely alleged mental harm without offering any detail or any factual support and according to the clear case law in this Circuit that is patently insufficient. Moralez would be extremely prejudiced if forced to publicly defend against Plaintiff's serious allegations while she remains anonymous. Moralez's reputation has been decimated. It would be

---

[1] Exhibits A and B to the Moralez Declaration.
[2] Exhibit D to the Moralez Declaration. https://www.wigdorlaw.com/wp-content/uploads/2023/04/Complaint-Final-PDF.pdf

1

fundamentally unfair to permit Plaintiff who publicly posted about her allegations on social media and actively sought media attention for this case to continue to litigate anonymously. For the reasons described below and in Moralez's Declaration, Moralez respectfully requests that the Court deny Plaintiff's motion to proceed anonymously.

**ARGUMENT**

### I. Legal Standard

Anonymous filings are prohibited under Federal Rule of Civil Procedure 10(a), which requires that civil actions be brought in the true name of the plaintiffs, providing that pleadings "must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2009). Federal Rule of Civil Procedure 17 requires that all civil actions be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 10(a), 17. Rule 10 is premised on the constitutional presumption of openness and transparency of the courts.

"One of the cornerstones of our judicial system is the right of public access to judicial proceedings, including a presumption that judicial documents are public." *Doe 1 v. Starpoint Cent. School Dist.,* 23-CV-207-LJV, 2023 WL 2752509, at *1 (WDNY Apr. 3, 2023). See, e.g., *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is well settled that courts: "begin with a presumption against anonymous or pseudonymous pleading." *Doe v. Del Rio,* 241 FRD 154, 156 (SDNY 2006). *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) ("[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption."). It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Shakur*, 164 FRD 359, 361 (SDNY 1996) *citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

The burden is squarely on the party seeking to proceed secretly. As the Second Circuit noted, "pseudonyms are the exception to the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2nd Cir. 2020) (per curiam). "[T]he burden a plaintiff must satisfy in order to proceed under confidentially is exacting. *Doe v. Skyline Automobiles Inc.,* 375 F Supp 3d 401, 403 (SDNY 2019).

Courts have "carved out a limited number of exceptions to the general requirement of disclosure ... which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)

> Courts in the Second Circuit utilize a non-exhaustive list of ten factors to conduct this analysis:
> "(1) whether the litigation involves mattes that are 'highly sensitive and [of a] personal nature;'
> (2) 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent nonparties;'
> (3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;'
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in the light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; Id. (internal citations and quotations omitted).

## II. Allegations of Sexual Assault Are Not Dispositive for Motions to Proceed Anonymously

Of the ten non-exhaustive factors listed by the Sealed Plaintiff Court the only factor that may weigh in Plaintiff's favor is that her allegations of sexual assault involve matters of a highly sensitive and personal nature. However, a number of Courts in this Circuit have held that, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Rapp v. Fowler*, 537 F Supp 3d 521, 528 (SDNY 2021) quoting *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405-06 (citing *Doe v. Shakur*, 164 F.R.D. 359. 361-62 (S.D.N.Y. 1996) (collecting cases)). *Doe v. Cornell Univ.,* 319CV1189MADML, 2021 WL 6128738, at *4 (NDNY 2021); *Doe v Weinstein*, 484 F Supp 3d 90, 94 [SDNY 2020] *Doe v. Telemundo Network Group LLC*, 22 CIV. 7665 (JPC), 2023 WL 6259390, at *4 (SDNY Sept. 26, 2023). Courts have routinely denied pseudonym motions involving allegations of sexual assault. See *Id.* (Despite finding that Plaintiff had an interest in keeping her identity private, on balance the other factors weighed against anonymity). *Doe v. Townes,* 2020 WL 2395159, at *3, 6, 7 (S.D.N.Y. May 12, 2020) (denying pseudonym motion despite finding that first *Sealed Plaintiff* factor weighed in favor of anonymity due to "graphic and serious" allegations of sexual abuse); *Shakur*, 164 F.R.D. at 361 (denying pseudonym motion despite finding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" with "very legitimate privacy concerns").

Moreover, as the *Rapp* Court noted: "Information and allegations that are highly sensitive and of a personal nature can flow both ways." 537 F Supp 3d 531 quoting *Doe v. Skyline Automobiles Inc.,* 375 F Supp 3d 401, 407 (SDNY 2019). See *Anonymous v. Simon*, 13-cv-2927 2014 WL 819122, at *2 (S.D.N.Y. March 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.") Therefore,

4

Plaintiff's allegations embarrass Moralez and "place him under the same stigma that concerns [Plaintiff]". 537 F Supp 3d 531.

### III. Plaintiff's Prior Very Public Disclosure of Her Identity in Connection With This Matter Weighs Heavily Against Proceeding Anonymously

Plaintiff had been very vocal and public with her allegations in this matter. On or about April 16, 2022. Plaintiff in **her own name** publicly posted to Facebook the message annexed to the Moralez Declaration as Exhibit A, which states as follows:

> NOT MY SHAME: a colleague raped me anally
> and vaginally at work last week. I survived.
> I am home with my incredible family. I am
> reclaiming my voice. I am on leave till
> sabbatical.
> And I am pressing this as hard as I can in honor
> of all his victims before me. And all the women
> in academia who are raped. And all the women
> everywhere who are raped.
> Don't brutally rape one of the best social justice
> advocates in the world unless you're ready.

What is more, on or about April 17, 2022, Plaintiff in her own name again with her profile on a public setting posted a photo of herself smiling in front of a door that says "CHIEF OF POLICE" with the caption: "Trying to contain my excitement. Pressing 1st and 2nd degree rape charges [emoji of an arm flexing]". See Exhibit B to the Moralez Declaration. Notably, Plaintiff does not deny publishing Facebook posts identifying her name and the allegations that form the basis of this action. In fact, Plaintiff's attorney acknowledged the posts in her Declaration and in the Memorandum of Law, but attempts to mitigate them by claiming that Plaintiff did not identify Moralez by name in the posts and by stating that about a month or two after the posts Plaintiff had

5

changed her privacy settings on Facebook and that six months later Plaintiff ceased using a Facebook account. Christensen Declr. ¶5. The fact that Plaintiff did not use Moralez's name in the public Facebook posts is not determinative, the point is that Plaintiff clearly identified her own name using very graphic language about the nature of the sexual assault allegations, which plainly contradicts any current claim by Plaintiff that litigating in her own name would be traumatic. Plaintiff already chose a very public forum to draw attention to her allegations. It would be fundamentally unfair for her to retreat from that position and force Moralez to publicly defend himself against grave allegations from an anonymous source. The fact that Plaintiff also later chose to cease using Facebook is also of little relevance. You can't put the toothpaste back in the tube. Once something is posted on social media, the damage is already done and there is no turning back, Plaintiff's change of heart is no reason for the drastic measure of proceeding anonymously.

Moreover, even after Plaintiff filed this action she purposely attempted to garner public attention to her allegation on St. Lawrence's campus, where Moralez was employed as a professor by distributing the flyer annexed to the Moralez Declaration as Exhibit D, which is titled "Hold SLU accountable" in bold red letters followed by "Stop SLU from protecting predators. Stop SLU from endorsing sexual assault. Protect students and faculty" with a QR Code and a link to the Complaint listed on Plaintiff's counsel's website[3] (and a "trigger warning" "SA statement from SLU employee"). The link remains active to this day. Moralez Decl. It is the height of hypocrisy for Plaintiff to request anonymity while actively seeking public attention for the action. The action also received media attention and was reported on multiple news outlets, which named Moralez[4].

---

[3] https://www.wigdorlaw.com/wp-content/uploads/2023/04/Complaint-Final-PDF.pdf
[4] https://www.news10.com/news/st-lawrence-county-news/lawsuit-involving-sexual-assault-allegations-filed-against-st-lawrence-university/
https://thehillnews.org/opinions/anonymous/st-lawrence-reaps-what-it-sows-the-doe-case
https://www.northcountrynow.com/stories/st-lawrence-university-and-faculty-member-named-in-rape-lawsuit-accused-professor-placed-on-leave,193661

Additionally, Plaintiff's counsel noted that the Facebook direct messages Plaintiff sent to two young girls, which used Moralez's name and were the basis for Moralez's counterclaim for defamation, were sent privately. However, Plaintiff did not ask the recipients of her Facebook messages to keep her accusations against Moralez confidential and indeed they did not keep them confidential as Moralez learned about the messages. Copies of the messages are annexed to the Moralez Declaration as Exhibit C. Plaintiff has repeatedly shown a willingness to both associate her name with the allegations in the complaint and to draw attention to the action. Accordingly, this factor should weigh heavily against proceeding anonymously.

Courts have routinely denied motions to proceed anonymously where the Plaintiff's identity was known and even more so when, as here, the Plaintiff herself revealed her identity. See *Doe v. Telemundo Network Group LLC*, 22 CIV. 7665 (JPC), 2023 WL 6259390, at *6 (SDNY Sept. 26, 2023)(Evidence that Plaintiff revealed her identity and the allegations giving rise to the lawsuit weighed against anonymity.) See *Rapp v Fowler*, 537 F Supp 3d 521, 529 (SDNY 2021)(Plaintiff risked disclosure of his identity by describing the allegations to certain individuals without asking them to keep the matter confidential, which weighed against proceeding anonymously.) *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (noting that "the plaintiff's interest in anonymity is weaker where anonymity has already been compromised"); *Abdel-Razeq*, 2015 WL 7017431, at *6 (finding the seventh factor weighed in favor of disclosure because "third-party websites have posted information concerning the action, including the fact that Ryan is named as a defendant"); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying motion to

---

https://www.adirondackdailyenterprise.com/news/local-news/2023/04/st-lawrence-university-named-in-sexual-assault-lawsuit/
https://www.law.com/newyorklawjournal/2023/04/07/professor-who-alleges-she-was-raped-by-colleague-claims-st-lawrence-officials-advised-her-not-to-get-attorney/

7

proceed pseudonymously in part because the "plaintiff has conceded that the press has known her name for some time.... Hence, her identity is not unknown").

### IV. Vague Allegations of Mental Harm Are an Insufficient Basis to Proceed Anonymously And Plaintiff Has Not Alleged the Risk of Any Harm to Others

The second and third factors generally require courts to consider whether disclosure of plaintiff's name would result in harm, including "retaliatory physical or mental harm" to the plaintiff or, "even more critically, to innocent non-parties" and the likelihood of those physical and mental harms *Sealed Plaintiff*, 537 F.3d at 190. "If disclosure creates risk of harm from third parties, disclosure is disfavored." *Townes,* 2020 WL 2395159, at *4. "Speculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019).

Plaintiff has failed to show any plausible risk of retaliatory physical or mental harm should the Court deny her motion. Plaintiff's counsel offers two vague conclusory sentences speculating about a potential risk of mental harm if her motion to proceed anonymously is denied. "Where a plaintiff claims that disclosure will harm that person's mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff." *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024).

Plaintiff failed to substantiate her claims with any factual support by way of either a personal declaration or a declaration from a mental health professional to support her conclusory assertion of potential mental harm, but even if she had her alleged concerns about her purported mental harm are insufficient to warrant pseudonymity. *See Id.* (plaintiff's allegations that the stigma of being publicly identified as a sexual assault victim would exacerbate her emotional distress were insufficient to warrant proceeding anonymously because "[a]llowing Plaintiff to

8

proceed anonymously for these reasons would be to hold that nearly any plaintiff alleging sexual harassment and assault could proceed anonymously.") With regard to "allegations of mental harm," "plaintiffs must base their allegations ... on more than just mere speculation." *Rapp*, 537 F Supp 3d at 528-29(internal citations omitted).

When Plaintiffs have alleged that disclosing their identity would cause mental harm or even retrigger PTSD (a claim that Plaintiff has not made here), Courts in this Circuit have required a: "link between public disclosure of plaintiff's name and the described psychological risk" otherwise "[t]here is simply no way to conclude that granting ... permission to proceed under [a] pseudonym[ ] will prevent [plaintiff] from having to revisit the traumatic events." *Del Rio*, 241 FRD at 161 (SDNY 2006).  See *Combs* 2024 WL 863705, at *3("That corroborating evidence must detail how revealing plaintiff's name in particular, as opposed to the trauma that could occur through reliving the experience through litigation, would cause harm.")

Plaintiff's reliance on *Doe v. Smith,* 105 F.Supp.2d 40, 44 (E.D.N.Y.1999) is completely unjustified and Smith is easily distinguished. Smith presented a unique psychological risk, which the Plaintiff supported with a personal declaration and a detailed medical submission.  Here, Plaintiff has provided neither. As described by the *Del Rio* Court 241 FRD at 161:

> In *Smith,* plaintiff submitted her own sworn statement attesting to the likelihood of harmful psychological and emotional consequences if she were forced to identify herself, which plaintiffs here have not done. 105 F.Supp.2d at 43. More important, however, plaintiff's supporting medical submission in that case, based on a diagnosis of dissociative identity disorder, predicted a consequence that would specifically result from *public disclosure of plaintiff's name:* "[P]roceeding publicly would cause [plaintiff] to decompensate psychologically to a point at which she could not ... pursue the current legal process and would suffer severe risk to her safety and to her survival." (internal citations omitted).

9

Moreover, even in cases where plaintiffs have submitted declarations or reports by medical experts courts will examine the sufficiency of those reports concerning *inter alia* the link of the harm to disclosure of the plaintiff's name and the severity of the harm and often find them insufficient.  In *Rapp* the Plaintiff submitted two declarations of mental health experts in support of his pseudonym motion and both were deemed insufficient by the Court as they did not offer specifics on why or how further disclosure of Plaintiff's name would retrigger his PTSD and they did not give specifics on the severity of the potential retriggering, "the frequency, seriousness, clinical significance and treatability of feelings of anxiety and depression and of nightmares doubtless cover broad spectra. The declarations' conclusory statements are of limited utility." In *Doe v Del Rio* Plaintiff's therapist offered no link between the disclosure of Plaintiff's name and the described psychological risk.  The Courts in Rapp and Del Rio properly pointed out that being re-exposed to the perceived wrong is "an inevitable consequence of the litigation itself", whether or not Plaintiff uses a pseudonym.  *Rapp* 537 F Supp 3d 521, 530; *Del Rio*, 241 F.R.D. at 161.

This District in *Cornell Univ.,* 2021 WL 6128738, at *5 explained that "Plaintiff has not provided any medical corroboration to support his claim that he is fearful that identification poses a risk of retaliatory physical or mental harm. As a result, the Court declines to speculate regarding "the nature, level or intensity of his mental injury." quoting *Smith*, 105 F. Supp. 2d at 42. *See also Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 (explaining that, because "speculative claims of ... mental harms are insufficient," "courts have suggested that a plaintiff should submit medical documentation"). *Doe v. Gong Xi Fa Cai, Inc.,* 2019 WL 3034793, at *2 (SDNY 2019) (holding that plaintiff must present "direct evidence linking disclosure of her name to a specific physical or mental injury"). *Doe v. Weinstein*, 484 F Supp 3d 90, 95 (SDNY 2020)(same)

Here, Plaintiff's counsel claims in the most vague and conclusory manner that Plaintiff could suffer mental harm if her motion were denied. Plaintiff offers no specificity whatsoever on how litigating in her own name would cause harm nor does she offer any indication of the purported severity of the potential mental harm. As described above, plaintiffs who offered more details and more support for the claims of mental harm than Jane Doe were still denied permission to proceed anonymously for failing to sufficiently demonstrate mental harm. Therefore here, Plaintiff's vague claims should similarly be deemed inadequate, and Plaintiff's motion should be denied. *See Combs* 2024 WL 863705, at *3 ("Doe has failed to identify any particularized harm that revealing her identity would cause. She claims only generally and without corroboration that she will suffer trauma if her identity is revealed, and she becomes the focus of media attention.")

Plaintiff also failed to even allege harm to non-parties as a result of the disclosure of her name and accordingly this factor weighs against her use of a pseudonym.

### V. Plaintiff's Age Weighs Against Proceeding Anonymously

Plaintiff is an adult. She is an assistant the Sociology Department at St. Lawrence University. "The plaintiff's age is a critical factor in the determination of the fourth factor, as courts have been readier to protect the privacy interest of minors in legal proceedings than of adults. If a plaintiff is not a child, this factor weighs against a finding for anonymity." *Rapp v* 537 F Supp 3d at 530 (SDNY 2021). See also *Doe v. Telemundo Network Group LLC*, 22 CIV. 7665 (JPC), 2023 WL 6259390, at *5 (SDNY Sept. 26, 2023) (Plaintiff is not a child, nor was she at the time she was allegedly raped. Nor has she "identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny." *Weinstein*, 484 F. Supp. 3d at 96. In fact, she has failed to address this factor entirely. Accordingly, factor four weighs in favor of disclosure.

11

## VI. Factors 5, 8, and 9: Factors Relating to the Public Interest in Open Court Proceedings Each Weigh in Favor of Disclosure

The fifth factor considers whether the action involves allegations against the government or private parties. Here, Plaintiff's allegations are against private parties so this factor weighs against her use of a pseudonym. "[C]ourts are less inclined to allow [plaintiffs] to proceed anonymously in private party cases" because "suits against private parties may cause damage to their good names and reputations," whereas "[s]uits against the government involve no injury to the [g]overnment's reputation." *Skyline Autos.*, 375 F. Supp. 3d at 406 (internal quotation marks omitted). *Doe v. Telemundo Network Group LLC*, 22 CIV. 7665 (JPC), 2023 WL 6259390, at *5 (SDNY Sept. 26, 2023).

The eighth factor is whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity. Plaintiff claims that the "public has a far greater interest in knowing who is accused of sexual abuse" than in "knowing the specific identity of the victim". (MOL p. 7). Anyone can accuse someone of sexual abuse. Knowing the identity of the accuser and being able to evaluate that person's credibility is of critical importance. "Lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Cornell Univ.*, 2021 WL 6128738, at *8 quoting *Shakur*, 164 F.R.D. at 361. There is a "general presumption that parties' identities are public information." Id. quoting *A.B. v. Hofstra Univ.*, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018). The public's general interest in knowing the underlying facts of a litigation, including the identities of the litigants is magnified here because Plaintiff has made her allegations against a well known university and the case has already garnered notable media attention, likely due to Plaintiff's own efforts. It is Plaintiff's burden to demonstrate that her interest in anonymity outweighs the

presumption of disclosure of her identity. *Id.* Plaintiff has not offered any evidence to overcome the general presumption of disclosure of her identity. Therefore, her motion should be denied.

The ninth factor considers whether because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities. Here, Plaintiff's allegations are largely factual, so this factor also weighs against her use of a pseudonym." *Del Rio*, 241 F.R.D. at 159. Courts recognize that "[i]n private civil suits, ... there is a significant interest in open judicial proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Cornell*, 2021 WL 6128738, at *9 quoting *Rapp*, 537 F. Supp. 3d at 532 (internal quotation marks omitted). See *Skyline Auto.*, 375 F. Supp. 3d at 408; *Doe v. Del Rio*, 241 FRD 154, 159 (SDNY 2006).

### VII. Moralez Will Be Extremely Prejudiced if He is Forced to Defend The Serious Allegations in this Action Publicly While Plaintiff is Anonymous

The sixth factor considers the prejudice to the defendant by evaluating the "reputational damage to defendants, difficulties conducting discovery, and fundamental fairness of proceeding anonymously." *Combs*, 2024 WL 863705, at *4. See also *Roe v. RPI*, 122CV932TJMATB, 2023 WL 3853647, at *8 (NDNY Mar. 8, 2023); *Doe v. Townes*, No. 19-CV-8034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020).

Here, as set forth in his Declaration the damage to Moralez's reputation has been monumental. Since leaving his position at SLU, Moralez has been unable to procure another teaching job at any level despite his experience and accolades as an educator. He even lost his lead authorship credit/role on an upcoming public health textbook. Plaintiff's allegations of sexual assault subject Moralez, particularly because of his role as an educator of young people to heightened scrutiny and stigma. It is significantly harder for Moralez to mitigate against the

13

scrutiny and stigma if Plaintiff is permitted to remain anonymous. See *Rapp v Fowler*, 537 F Supp 3d 521, 531-32 (SDNY 2021).

Moreover, despite Plaintiff's claims to the contrary, keeping her name confidential could impede discovery by preventing potential witnesses from coming forward. See Id at 531 ("By keeping C.D.'s identity confidential, "information about only one side may thus come to light."[9] This not only would prejudice Spacey, but would hinder "the judicial interest in accurate fact-finding and fair adjudication.") See also *Del Rio*, 241 F.R.D. at 159 ("[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses.") See also *Doe v Weinstein*, 484 F Supp 3d 90, 97 (SDNY 2020).

Furthermore, *Doe No. 2 v. Kolko*, 242 FRD 193, 196 (EDNY 2006) is easily distinguished from the case at bar. In *Kolko,* the plaintiff alleged that a Rabbi sexually assaulted him at an Orthodox Jewish school (the "Yeshivah"). The Plaintiff supported his motion to proceed anonymously with a declaration from his psychologist and a personal declaration. The Kolko Plaintiff's psychologist opined that the Plaintiff had bipolar disorder and post-traumatic stress disorder and that inter alia "any public disclosure of [plaintiff's] identity would be severely damaging to [his] already fragile psychological condition." The Kolko Plaintiff also claimed that he feared retaliation and ostracism by members of the Orthodox Jewish community if it were to become public information that he was suing the rabbi and the Yeshivah. The Kolko Plaintiff even alleged that an official of the Yeshiva warned family members of the rabbi's victims that "if they pursued claims, they would be shunned by the Orthodox Jewish community and their other children would be expelled from the Yeshiva and prevented from attending other yeshivas in the New York area." Id. Accordingly, the Kolko Court found that **the plaintiff articulated the specific**

14

harm from the disclosure of his identity and had shown good cause to prevent the disclosure of his identity. *Kolko*, 242 FRD 193, 199. By contrast here, the Plaintiff has not alleged any fear of retaliation and has only alleged a fear of mental harm in the most vague and conclusory manner, which was not supported by either a personal declaration or a declaration from a mental health professional.

Allowing Plaintiff to proceed anonymously while Moralez is named in the lawsuit places him at a "serious disadvantage" because he will be required to defend himself publicly, "while plaintiff could make her accusations from behind a cloak of anonymity." *See Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y. 1996); *Doe v. Delta Airlines. Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015). It would be fundamentally unfair for Moralez to defend himself publicly against Plaintiff's serious allegations while permitting her to remain anonymous. Plaintiff has actively pursued this lawsuit and has intentionally publicized the allegations made therein and therefore has placed her credibility in issues. "A plaintiff who levies serious allegations puts her credibility in issue. In such a situation, when one party is anonymous while others are not, there is an "asymmetry in fact-gathering." *Combs*, 2024 WL 863705, at *4. "Fairness requires that she be prepared to stand behind her charges publicly." *Shakur*, 164 F.R.D. at 361 (internal citations omitted).

## VIII. There Are Alternative Mechanisms to Protect Plaintiff's Confidentiality

Finally, there are far less drastic measures than total anonymity available to protect Plaintiff's interests in confidentiality while still requiring her to stand behind the charges that she publicly filed. In fact, the parties have already entered into a confidentiality agreement/protective order. Courts have held that protective orders and redactions to particularly sensitive information can address a plaintiff's concern for confidentiality without the "drastic remed[y]" of "blanket

15

anonymity". *Rapp v Fowler,* 537 F Supp 3d 521, 533 (SDNY 2021) *quoting Doe v Weinstein,* 484 F Supp 3d 90, 98 (SDNY 2020). Accordingly, this factor also weighs against anonymity.

## CONCLUSION

The factors enumerated by the Second Circuit in *Sealed Plaintiff* strongly weigh against granting Plaintiff's motion. There is a strong presumption in favor of open judicial proceedings that may not be lightly set aside. Plaintiff has chosen to avail herself of the judicial process by initiating this Action and has deliberately brought attention to her claims. Plaintiff has failed to carry her burden to demonstrate the type of harm and extraordinary facts that justify proceeding pseudonymously. Accordingly, Moralez respectfully requests that the Court deny Plaintiff's motion to proceed pseudonymously.

**Dated: May 24, 2024**

        **Respectfully submitted,**

        **NESENOFF & MILTENBERG, LLP**
        *Attorneys for Defendant Ernesto Moralez*

        **By: */s/ Andrew T. Miltenberg***
        **Andrew T. Miltenberg, Esq.**
        **Stuart Bernstein, Esq.**
        **Helen J. Setton, Esq.**
        **363 Seventh Avenue, Fifth Floor**
        **New York, New York 10001**
        **(212) 736-4500**
        AMiltenberg@nmllplaw.com
        sbernstein@nmllplaw.com
        hsetton@nmllplaw.com