UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

                             Plaintiff,

           v.                                                8:23-CV-426
                                                          (BKS/DJS)

ST. LAWRENCE UNIVERSITY and
ERNESTO MORALEZ,

                             Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

WIGDOR LLP                                   JEANNE CHRISTENSEN, ESQ.
Attorney for Plaintiff
85 Fifth Avenue - Fifth Floor
New York, New York 10003

LITTLER, MENDELSON LAW FIRM         JACQUELINE P. POLITO, ESQ.
Attorney for St. Lawrence University
375 Woodcliff Drive, 2nd Floor
Fairport, New York 14450

NESENOFF & MILTENBERG, LLP           ANDREW MILTENBERG, ESQ.
Attorney for Ernesto Moralez
363 Seventh Avenue - 5th Floor
New York, New York 10001

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

      Plaintiff, an assistant professor at St. Lawrence University ("SLU"), brings this action under Title VII, Title IX, and New York Human Rights law alleging that she was raped by Ernesto Moralez, another professor at SLU. *See generally* Dkt. No. 1, Compl.

- 1 -

Plaintiff, concerned about trauma she could suffer if her identity were publicly revealed, now moves to continue in this action under a pseudonym. Dkt. No. 49, Motion. Defendant Moralez opposes the Motion, arguing that he will suffer prejudice if Plaintiff is permitted to proceed anonymously while his identity remains public. Dkt. No. 61, Def.'s Mem.

While the Court recognizes that public disclosure of Plaintiff's identity could impact her significantly, particularly given the highly sensitive allegations present here, "the Court cannot rely on generalized, uncorroborated claims that disclosure would harm Plaintiff to justify her anonymity." *Doe v. Combs*, 2024 WL 863705, at *1 (S.D.N.Y. Feb. 29, 2024). For this reason and those further detailed below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

In 2022, both Plaintiff and Defendant Moralez were employed as professors at SLU. *See generally* Compl. Plaintiff alleges that on April 12, 2022, she attended an off-campus meeting at Moralez's home to "talk about future courses to be taught by [Plaintiff] in sociology that would be used to also satisfy requisites for a major or minor in Public Health." *Id.* at ¶¶ 1-2. That night, Plaintiff alleges that Moralez drugged and brutally raped her. *Id.* at ¶¶ 1-26. Plaintiff claims that because she was "physically helpless like a rag doll" her attempts to fight off Moralez were unsuccessful. *Id.* at ¶¶ 13-15. Following the assault, Plaintiff alleges that Moralez tried to convince Plaintiff that what had taken place was consensual. *Id.* at ¶ 24. Plaintiff maintains that "she had not consented to sex with Moralez." *Id.* On April 15, 2022, Plaintiff reported the incident to SLU and an

investigation was conducted. *Id.* at ¶¶ 29-36. It is unclear whether SLU fired Moralez, but Moralez claims that "[s]ince leaving SLU [he has] been unable to secure a teaching position at any level." Dkt. No. 60 at ¶ 18.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 10(a)'s requirement that every complaint "name all parties" is not absolute. Rather, it is within a court's discretion to allow a plaintiff to proceed in an action anonymously. *See, e.g.*, *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015). In exercising that discretion, courts must consider the following factors on balance:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal quotation marks, alterations, and citations omitted).  Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

### III.  DISCUSSION

On balance of the *Sealed Plaintiff* factors, the Court finds that they ultimately weigh against allowing Plaintiff to proceed anonymously.

#### A.  Factor 1: Matters of Highly Sensitive and Personal Nature

The first factor weighs heavily in Plaintiff's favor.  Surely, courts have repeatedly found matters of sexual misconduct "highly sensitive."  *See Roe v. RPI*, 2023 WL 3853647, at *7 (N.D.N.Y. Mar. 8, 2023); *A.B. v. Hofstra Univ.*, 2018 WL 1935986, at *2 (E.D.N.Y. Apr. 24, 2018).  In fact, "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)).

Here, Plaintiff claims that she was drugged and sexually assaulted by Defendant Moralez.  *See generally* Compl.  After the incident, Plaintiff alleges that Moralez continued to sexually harass her, stating that she was a "lucky woman" and that they could

have sex any time. *Id.* at ¶ 191. "These allegations are highly sensitive and of an extremely personal nature to the Plaintiff." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d 401, 405-06 (S.D.N.Y. 2019). The Court notes, however, that the first factor alone is not dispositive. *See, e.g., Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) ("[A]llegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym.").

**B. Factors 2, 3, and 7: Resulting Harm, Severity of the Harm, and Confidentiality**

Factors two, three, and seven weigh against allowing Plaintiff to proceed anonymously. Factors two and three focus on the harm that identification would cause Plaintiff. The relevant inquiry for these factors is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d at 529). "[P]laintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021). Conclusory statements regarding harm are of "limited utility." *Rapp v. Fowler*, 537 F. Supp. 3d at 530.

And where a plaintiff claims that disclosure will harm their mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff. *See Doe v. Weinstein*, 484 F. Supp. 3d at 95 ("Without corroboration from medical professionals . . . [plaintiff's] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to

proceed under a pseudonym."); *Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999) (granting anonymity on reconsideration after plaintiff presented "specific evidence [from a medical expert] predicting that revelation of [plaintiff's] identity w[ould] likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life"); *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) (finding plaintiff failed to demonstrate risk of injury where letter from plaintiff's therapist failed to establish a link between public disclosure of plaintiff's name and psychological risk to plaintiff).

Here, Plaintiff has not identified any particularized harm that would result from publicly disclosing her identity. She claims generally and without medical corroboration that her "experiences as described in the Complaint are deeply traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff." Dkt. 49-1 at p. 4. Plaintiff also states that she "has engaged in ongoing extensive mental health treatment. If she is forced to reveal her identity to the public, she would experience significant harm." *Id.* This conclusory statement, without any corroborating medical evidence, does not provide any basis for allowing Plaintiff to proceed anonymously in this action.

Likewise, the seventh factor, which "inquires as to the status of a plaintiff's confidentiality thus far in the litigation," does not support Plaintiff's request for anonymity. *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 407. This factor correlates with factors two and three because "[i]f a plaintiff's confidentiality has not been maintained throughout the proceedings, there is less of a risk of harm should the plaintiff not be

permitted to proceed under a pseudonym." *Id.* Some courts have even "indicated that if the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied." *Id.* (citing *Doe v. Nat'l Conference of Bar Examiners*, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017)).

Here, Plaintiff concedes that a Title IX investigation was conducted, and Defendants know Plaintiff's identity. Dkt. No. 49-1 at p. 5. Yet, she now claims that she will be harmed if the public is made aware of her identity, "without citing any evidence to support that fear of harm from the general public." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 408. But Plaintiff's "prior actions undercut h[er] position." *Rapp v. Fowler*, 537 F. Supp. 3d at 529. The record clearly shows that Plaintiff previously posted about the subject assault on Facebook twice, privately messaged an individual student about it, and passed out flyers about the assault on SLU's campus. Dkt. No. 60, Exs. A-D. There is "no suggestion . . . that any of those disclosures" caused Plaintiff additional trauma "or, if they did not, why further disclosure would yield a different outcome." *Rapp v. Fowler*, 537 F. Supp. 3d at 529. Nor does Plaintiff allege that she "received assurances of confidentiality from any" of the people she disclosed information to. *Rapp v. Fowler*, 537 F. Supp. 3d at 529.

"[B]ecause of the disclosure of Plaintiff's identity to Defendants[,] as well as the lack of evidence corroborating the alleged risk of harm and retaliation from the general public," the second, third, and seventh factors weigh against allowing Plaintiff to proceed anonymously. *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 408.

### C.  Factor 4: Vulnerability

The fourth factor requires courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [her] age." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190.  Age is a critical factor in making this determination because "courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Rapp v. Fowler*, 537 F. Supp. 3d at 530.  Consequently, "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity." *Id.*  Because Plaintiff was an adult when the alleged assault occurred and "provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure," the fourth factor weighs against allowing Plaintiff to proceed anonymously in this matter. *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 406.

### D.  Factors 5, 8, and 9: Public Interest

Factors five, eight, and nine all relate to the public's interest in knowing the Plaintiff's identity and all weigh against Plaintiff proceeding anonymously.

The fifth factor considers "whether the suit . . . challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190.  Lawsuits against the government "involve no injury to the Government's reputation." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012).  On the other hand, suits against private parties "may cause damage to their good names and reputations," among other things. *Id.*  Thus, courts are less inclined to allow Plaintiffs to proceed anonymously in actions brought against private parties. *Id.*  Here, Defendant Moralez, whose alleged actions are the subject of this case,

is clearly a private party. Given Plaintiff's extremely serious allegations, Defendant Moralez has a "substantial interest in maintaining [his] good name and reputation." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 406. Thus, the fifth factor weighs against Plaintiff remaining anonymous.

As does the eighth factor. "The eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity." *Doe v. Leonelli*, 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022). Plaintiff identifies the public interest in protecting the identities of sexual assault victims so that others will not be deterred from reporting similar crimes. Dkt. No. 49-1 at p. 8. The Court agrees that this is certainly a public interest; however, this interest alone has been "repeatedly rejected . . . as an adequate basis by itself to warrant anonymity." *Doe v. Telemundo Network Grp. LLC*, 2023 WL 6259390, at *7 (S.D.N.Y. Sept. 26, 2023).

"Furthermore, the public's interest in protecting sexual assault victims is not the only interest implicated here. There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Doe v. Combs*, 2024 WL 863705, at *5 (citing *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2). The public also has a strong interest in knowing the underlying facts of a litigation, including the identities of litigants. *See, e.g.*, *Doe v. Leonelli*, 2022 WL 2003635, at *4 ("[T]he public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities.").

"The ninth factor looks to whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities." *Rapp v. Fowler*, 537 F. Supp. 3d at 532. This action does not involve a purely legal issue. Plaintiff alleges that she was sexually assaulted and sexually harassed. *See generally* Compl. These allegations are of the type that "further the public's interest in enforcing legal and social norms." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8. Additionally, the allegations here are factual in nature, involving "particular actions and incidents." *Doe v. Weinstein*, 484 F. Supp. 3d at 98 (internal quotation marks and citation omitted). Thus, "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8.

Therefore, the public interest factors weigh against anonymity in this action.

### E.  Factor 6: Prejudice to Defendants

Factor six requires the Court to analyze the prejudice Defendants will face if Plaintiff were permitted to proceed anonymously. "Courts will examine the reputational damage to defendants, difficulties conducting discovery, and fundamental fairness of proceeding anonymously." *Doe v. Townes*, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020). Courts have identified prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff . . . make[s] her accusations from behind a cloak of anonymity." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. at 225. Moreover, where, as here, the allegations are of a highly sensitive and personal nature, the potential for harm flows not only to Plaintiff but to Defendant Moralez as well. *See Anonymous v.*

- 10 -

*Simon*, 2014 WL 819122, at *2 (S.D.N.Y. Mar. 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.").

Here, Plaintiff claims that Defendants will not suffer prejudice from Plaintiff proceeding anonymously because the parties themselves are already aware of Plaintiff's true identity and "Defendants will have access to Plaintiff's discoverable information." Dkt. No. 49-1 at pp. 5-6.  Conversely, Defendant Moralez asserts that he has already suffered grave reputational damage because of this lawsuit and will continue to be prejudiced should Plaintiff be permitted to proceed anonymously.  Def.'s Mem. at p. 13.  He also maintains that keeping Plaintiff's name confidential "could impede discovery by preventing potential witnesses from coming forward." *Id.* at p. 14.  The Court agrees.

Plaintiff, who has "levie[d] serious allegations[,] 'put [her] credibility in issue'" when she commenced this action. *Doe v. Combs*, 2024 WL 863705, at *4 (quoting *Doe v. Leonelli*, 2022 WL 2003635, at *5).  Accordingly, allowing Plaintiff to proceed anonymously would put Defendants at a severe disadvantage at all stages of litigation.  Certainly, "Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants [c]ould have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 407.  For these reasons, the sixth factor weighs against Plaintiff's identity remaining anonymous.

### F. Factor 10: Alternative Mechanisms

Finally, factor ten "examines whether there are other mechanisms, including sealing, redaction of documents, protective orders and confidentiality agreements, that could protect the plaintiff's confidentiality." *Doe v. Combs*, 2024 WL 863705, at *5. Here, the parties have already entered into a Confidentiality Stipulation and Protective Order. Dkt. No. 58. This agreement, in addition to other "less drastic remedies than blanket anonymity" provide Plaintiff alternative protection from the future harms alleged. Thus, the tenth factor also weighs against Plaintiff's anonymity.

### IV. CONCLUSION

Although this case involves highly sensitive and personal allegations, all other factors weigh against granting Plaintiff's Motion.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Leave to Proceed Anonymously (Dkt. No. 49) is **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated: July 9, 2024
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge