**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JANE DOE,

                 Plaintiff,

     v.

ST. LAWRENCE UNIVERSITY, and ERNESTO
MORALEZ, in his individual and professional capacity,

                 Defendants.

Case No. 8:23-cv-00426-BKS-DJS

 

**DEFENDANT ERNESTO MORALEZ'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING
PLAINTFF'S MOTION TO PROCEED ANONYMOUSLY**

**NESENOFF & MILTENBERG, LLP**

**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Helen J. Setton, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**

***Attorneys for Defendant Ernesto Moralez***

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

I.      Legal Standards ......................................................................................................... 1

II.     The Lower Court Properly Applied the Relevant Case Law ...................................... 3

III.    The Lower Court Properly Held that Even Though this Case Involves Matters of a Highly Sensitive and Personal Nature that is an Insufficient Basis to Allow Plaintiff to Proceed Anonymously .............................................................................................................. 4

IV.     The Lower Court Appropriately found that Plaintiff Failed to Identify Any Particularized Harm or Provide Support for Her Claims that Disclosing Her Identity Would Be Traumatic in Accordance with the Second and Third Factors ............................................. 6

V.      The Lower Court Properly Considered Every Sealed Plaintiff Factor and Correctly Found that There was No Risk of Harm to Non-Parties ............................................................. 10

VI.     The Lower Court Correctly Held that the Plaintiff Had Failed to Keep Her Identity Confidential After Plaintiff Posted About Her Allegations on Facebook ..........................11

VII.    The Lower Court Correctly Held that Plaintiff Was Not Particularly Vulnerable to Disclosure Due to Her Being an Adult ................................................................................ 16

VIII.   The Lower Court Correctly Found that Moralez Would Be Significantly Prejudiced if Plaintiff is Permitted to Litigate Anonymously ................................................................. 17

IX.     The Lower Court Accurately Held that Factors Five, Eight, and Nine Relating to the Public Interest in Knowing the Plaintiff's Identity Weighed Against Anonymity ............ 21

X.      The Lower Court Properly Noted that There Are Alternative Mechanisms to Protect Plaintiff's Confidentiality ................................................................................................... 24

CONCLUSION ..................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abdel-Razeq v. Alvarez & Marsal, Inc.*,
  2015 WL 7017431 (SDNY 2015) ........................................................................ 10

*Anonymous v. Medco Health Sols., Inc.*,
  588 F. App'x 34 (2d Cir. 2014) ............................................................................ 3

*Anonymous v. Simon*,
  2014 WL 819122 (SDNY 2014) ......................................................... 19, 20, 21

*Chestnut Hill NY, Inc. v. City of Kingston*,
  2023 WL 8108645 (NDNY 2023) ......................................................................... 2

*Corley v. Vance*,
  2015 WL 4164377 (SDNY 2015) ........................................................................ 12

*Doe 1 v. Branca USA, Inc.*,
  2022 WL 2713543 (SDNY 2022) ........................................................................ 6

*Doe 1 v. Starpoint Cent. School Dist.*,
  23-CV-207-LJV, 2023 WL 2752509 (WDNY Apr. 3, 2023) .............................. 2

*Doe 1 v. United States*,
  2024 WL 1885188 (S.D.N.Y. Apr. 30, 2024) ............................................ 9, 10, 16

*Doe v. Black Diamond Cap. Mgmt. LLC*,
  2023 WL 2648017 (SDNY Mar. 27, 2023) ................................................... 19, 22

*Doe v. Combs*,
  2024 WL 863705 ............................................................... 7, 17, 20, 22

*Doe v. Cornell Univ.*,
  2021 WL 6128738 (NDNY 2021) ................................................................ 5, 23

*Doe v. Del Rio*,
  241 FRD 154 (SDNY 2006) ...................................................................... passim

*Doe v. Delta Airlines Inc.*,
  672 F. App'x 48 (2d Cir. 2016) ................................................................... passim

*Doe v. Frank*,
  951 F.2d 320 (11th Cir. 1992) ............................................................................. 2

*Doe v. Leonelli*,
  2022 WL 2003635 ...................................................................................... 20, 23

*Doe v. Nat'l Conference of Bar Examiners*,
  2017 WL 74715 (EDNY 2017) ........................................................................ 14

*Doe v. Shakur*,
  164 FRD 359 (SDNY 1996) ........................................................... 2, 5, 10, 23

*Doe v. Skyline Automobiles Inc.*,
  375 F. Supp. 3d 401 (SDNY 2019) ........................................................... passim

*Doe v. Smith*,
  105 F.Supp.2d 40 (E.D.N.Y.1999) ...................................................................... 7

*Doe v. Solera Capital LLC*,
  2019 WL 1437520 (SDNY 2019) ........................................................................ 9

*Doe v. Telemundo Network Group LLC*,
    2023 WL 6259390 (SDNY Sept. 26, 2023) ........................................................... 5, 16
*Doe v. Townes,*
    2020 WL 2395159 (S.D.N.Y. May 12, 2020) ............................................................ passim
*Doe v. Weinstein,*
    484 F. Supp. 3d 90 (SDNY 2020) ................................................................................. passim
*Doe v. Zinsou,*
    2019 WL 3564582 (SDNY 2019) ................................................................................. 15
*Lugosch v. Pyramid Co. of Onondaga,*
    435 F.3d 110 (2d Cir. 2006) .......................................................................................... 2
*N. Jersey Media Grp. Inc. v. Doe Nos. 1-5,*
    2012 WL 5899331 .......................................................................................................... 24
*Publicola v. Lomenzo,*
    54 F.4th 108 (2d Cir. 2022) .......................................................................................... 2
*Rapp v. Fowler,*
    537 F. Supp. 3d 521 (SDNY 2021) ............................................................................ passim
*Reed v. Graham,*
    2017 WL 2915631 (NDNY 2017) ................................................................................ 8, 12
*Roe v. Does 1-11,*
    2020 WL 6152174 (E.D.N.Y. Oct. 14, 2020) ............................................................ 19
*Sealed Plaintiff v. Sealed Defendant,*
    537 F.3d 185 (2d Cir. 2009) .......................................................................................... passim
*United States v. Pilcher,*
    950 F.3d 39 (2d Cir. 2020) ........................................................................................ 1, 2, 10

**Statutes**

28 U.S.C. § 636(b)(1)(A) ...................................................................................................... 1

**Rules**

Fed. R. Civ. P. 10(a) ............................................................................................................ 2

## PRELIMINARY STATEMENT

Plaintiff repeatedly misrepresents the contents of the Magistrate Judge Daniel J. Stewart's (the "Lower Court") Decision[1] in support of her appeal. Plaintiff's appeal is made up of a jumble of irrelevant arguments and materials outside the record on appeal, intended to confuse the District Court while disparaging the Lower Court.  The Lower Court carefully considered each of the factors prescribed by the Second Circuit to evaluate the use of a pseudonym and properly found that nearly every factor weighed against granting Plaintiff's motion. In her appeal, Plaintiff improperly relies on submissions outside the appellate record in a failed attempt to cure the fatal defects in her motion. Below, Plaintiff alleged vague mental harm without any detail or factual support. Plaintiff's submissions outside the record similarly fail to set forth any unique harm that would result from using her name and do not justify the use of a pseudonym. Moralez would be considerably prejudiced if forced to publicly defend against Plaintiff's gravely serious allegations while she remains anonymous.  Moralez's reputation has been destroyed. It would be fundamentally unfair to permit Plaintiff who publicly posted about her allegations on social media to litigate anonymously.  The Lower Court issued a thoughtful well-reasoned decision and Plaintiff has utterly failed to demonstrate any error of law that would justify disturbing the Decision.

### I.    Legal Standards

A District Court reviews a Magistrate Court's decision for "for clear error or to determine if the ruling was contrary to law, pursuant to 28 U.S.C. § 636(b)(1)(A)." *See United States v. Pilcher,* 950 F.3d 39, 43 (2d Cir. 2020)(The Second Circuit held that: "the District Court properly held that the magistrate judge's order did not rest "on an error of law ... or a clearly erroneous factual finding"; that the conclusion was "located within the range of permissible decisions"…and that it found "no

---

[1] Doc. No.: 63 (the "Decision")

1

error—clear or otherwise—in the magistrate judge's decision." The District Court did not abuse its discretion in affirming the denial of the motion.)

Anonymous filings are prohibited under Federal Rule of Civil Procedure 10(a), which requires that civil actions be brought in the true name of the plaintiffs, providing that pleadings "must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2009).

"One of the cornerstones of our judicial system is the right of public access to judicial proceedings, including a presumption that judicial documents are public." *Doe 1 v Starpoint Cent. School Dist.,* 23-CV-207-LJV, 2023 WL 2752509, at *1 (WDNY Apr. 3, 2023). See, e.g., *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is well settled that courts: "begin with a presumption against anonymous or pseudonymous pleading." *Doe v. Del Rio,* 241 FRD 154, 156 (SDNY 2006). It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Shakur*, 164 FRD 359, 361 (SDNY 1996) *citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). "[T]herefore," the **"**general requirement of disclosure of the names of parties" cannot "be set aside lightly." *Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022) quoting *Sealed Plaintiff*, 537 F.3d at 189 (citation and alteration omitted). As the Second Circuit noted, "pseudonyms are the exception to the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d 3 at 45 (per curiam). "[A] plaintiff seeking anonymity must base their allegations on more than just "mere speculation." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (SDNY 2019) (internal citations omitted), "However, the bar to proceed in Court anonymously is high." *Chestnut Hill NY, Inc. v. City of Kingston*, 2023 WL 8108645, at *2 (NDNY 2023) internal citations omitted) The burden is squarely on the party

seeking to proceed anonymously. "[T]he burden a plaintiff must satisfy in order to proceed under confidentially is exacting. *Skyline* 375 F Supp 3d at 403.

## II.    The Lower Court Properly Applied the Relevant Case Law

Plaintiff misrepresents Magistrate Judge Daniel J. Stewart's description and analysis of the legal standards applicable for consideration of a motion to proceed anonymously. Judge Stewart correctly stated that Courts must consider on balance the ten factors listed by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) which comprise:

> "(1) whether the litigation involves mattes that are 'highly sensitive and [of a] personal nature;' (2) 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent nonparties;' (3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;' (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in the light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

"To determine 'whether a plaintiff may be allowed to maintain an action under a pseudonym,' the district court **must balance** 'the plaintiff's interest in anonymity ... against both the public interest in disclosure and any prejudice to the defendant.'" *Doe v. Delta Airlines Inc.,* 672 F. App'x 48, 52 (2d Cir. 2016) quoting *Sealed Plaintiff* 537 F.3d at 190 (emphasis supplied). *See also Anonymous v. Medco Health Sols., Inc.,* 588 F. App'x 34, 34–35 (2d Cir. 2014)("district court's ruling on the appropriateness of an anonymous pleading is a 'factor-driven balancing inquiry' that requires discretion in 'weighing competing interests.'") quoting *Sealed Plaintiff* 537 F.3d at 190.  Clearly, Plaintiff's critique of the Lower Court is baseless and against the caselaw.

Judge Stewart correctly noted that: "Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."" *Id.* at 191 n.4. Accordingly, contrary to Plaintiff's argument, Judge Stewart did in fact consider and adhere to the Second Circuit's direction that the list was not exhaustive and that courts should consider factors relevant to the particular action. Plaintiff correctly notes that the Lower Court has *discretion* (but no obligation) to assign more weight to particular factors. Here, the Lower Court carefully considered and reviewed each of the factors, correctly finding that all of the factors except one weighed heavily in support of denying Plaintiff's pseudonym motion and that on balance Plaintiff should not be permitted to proceed anonymously. Plaintiff's dissatisfaction with the outcome of the Decision is not a basis for reversing the Decision.

### III.    The Lower Court Properly Held that Even Though this Case Involves Matters of a Highly Sensitive and Personal Nature that is an Insufficient Basis to Allow Plaintiff to Proceed Anonymously

Plaintiff blatantly misrepresents the Lower Court's analysis in her effort to seek reversal. Plaintiff claims that the Lower Court "minimized" the trauma and distress associated with Plaintiff's allegations of sexual assault. In fact, the Lower Court, in its analysis of "Factor 1: Matters of Highly Sensitive and Personal Nature" considered Plaintiff's allegations and held that: "the first factor *weighs heavily* in Plaintiff's favor," (emphasis supplied) noting that courts have repeatedly found matters of sexual misconduct "highly sensitive."" Decision p. 4. The Lower Court continued: "In fact, "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym."" *Id. quoting Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (SDNY 2021).

In the Background Section of the Decision the Lower Court described that: "Plaintiff alleges that Moralez drugged and brutally raped her. Plaintiff claims that because she was 'physically helpless like a rag doll" her attempts to fight off Moralez were unsuccessful.'" Decision p. 2 (quoting

the Complaint).  The Lower Court acknowledged that: "Plaintiff claims that she was drugged and sexually assaulted by Defendant Moralez" and therefore held that "[t]hese allegations are highly sensitive and of an extremely personal nature to the Plaintiff." Id. quoting *Skyline Auto. Inc.*, 375 F. Supp. 3d at 405-6.  Plaintiff argues at length that her allegations of assault weighs in favor of anonymity, which is a point that the Lower Court acceded to.  The Lower Court clearly acknowledged and considered Plaintiff's allegations of rape and therefore held that the first factor of whether matters of a highly sensitive and personal nature were involved "weigh[ed] heavily in Plaintiff's favor."  Thus, Plaintiff's argument that the Lower Court ruled that claims alleging rape "are not 'highly intimate and private details'" is demonstrably false.

However, the fact that an action involves matters of a highly sensitive and personal nature is not conclusive regarding the issue of anonymity. Accordingly, the Lower Court aptly stated: "The Court notes, however, that the first factor alone is not dispositive." Decision p. 5. citing *e.g.*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (SDNY 2020).  Numerous courts in this Circuit have noted that: "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Rapp* 537 F Supp 3d at 528 quoting *Skyline Auto*, 375 F. Supp. 3d at 405-06 (citing *Doe v. Shakur*, 164 F.R.D. 359. 361-62 (S.D.N.Y. 1996)  (collecting cases)). *Doe v. Cornell Univ.,* 2021 WL 6128738, at *4 (NDNY 2021); *Doe v. Telemundo Network Group LLC*, 2023 WL 6259390, at *4 (SDNY Sept. 26, 2023).  Courts have routinely denied pseudonym motions involving allegations of sexual assault. *See Id.* (Despite Plaintiff's interest in keeping her identity private, on balance the other factors weighed against anonymity). *Doe v. Townes,* 2020 WL 2395159, at *3, 6, 7 (S.D.N.Y. May 12, 2020) (denying pseudonym motion despite finding that first *Sealed Plaintiff* factor weighed in favor of anonymity due to "graphic and serious" allegations of sexual abuse); *Shakur,* 164 F.R.D. at 361 (denying pseudonym motion despite finding that "[i]f the

allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" with "very legitimate privacy concerns").

### IV.    The Lower Court Appropriately found that Plaintiff Failed to Identify Any Particularized Harm or Provide Support for Her Claims that Disclosing Her Identity Would Be Traumatic in Accordance with the Second and Third Factors

The Lower Court correctly stated that the relevant inquiry for the second and third factors is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and how grave the resultant harm would prove to be." Decision p. 5 quoting *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (SDNY 2022). The Lower Court noted that Plaintiff must demonstrate the incremental injury that would result from disclosure of her identity with sufficient specificity and that conclusory statements are of "limited utility". *Id.* quoting *Rapp*, 537 F. Supp. 3d at 530.

The Lower Court properly noted that: "where a plaintiff claims that disclosure will harm their mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff." Decision p. 5 citing *Doe v. Weinstein*, 484 F. Supp. 3d at 95.  Plaintiff misconstrued the Lower Court's Decision by incorrectly arguing that the Lower Court held that "Ms. Doe <u>must produce</u> medical documentation in support of her declaration that she will experience debilitation harm if forced to publicly disclose her identity…" Pl's MOL p. 5 (emphasis in original).  The Lower Court appropriately held that Plaintiff claimed: "generally and without medical corroboration that her "experiences as described in the Complaint are deeply traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff.'"" Id.  The Lower Court did not require that Plaintiff provide medical corroboration of her claims of mental harm, rather the court properly noted that Plaintiff's conclusory statements "without any corroborating medical evidence, does not provide any basis for allowing Plaintiff to proceed anonymously in this action." Id. The Lower Court also aptly cited numerous cases in this Circuit that have sought medical corroboration to support a claim that disclosing the Plaintiff's identity would cause mental harm. *See Doe v.*

*Weinstein*, 484 F. Supp. 3d at 95; *Doe v. Smith*, 105 F.Supp.2d 40, 44 (E.D.N.Y.1999); *Doe v. Del Rio*, 241 F.R.D. 154, 158. *See also Rapp*, 537 F Supp 3d at 529. *See also Combs*, 2024 WL 863705, at *3. *Doe v Del Rio*, 241 FRD 154, 161 (cited with approval by *Sealed Plaintiff*) is particularly instructive on this point. The *Del Rio* Court noted "that the plaintiff's therapist asserts that 'it appears very likely, given her high degree of fear and reactivity, that, should her case no longer remain anonymous... she will suffer a recurrence of PTSD along with depression." (quoting from the therapist's declaration). However, the *Del Rio* Court pointedly observed that:

> Yet nothing in the therapist's letter or plaintiffs' other papers establishes any link between *public disclosure of plaintiff's name* and the described psychological risk to Jane Doe. The therapist's opinion is explicitly based on the observation that PTSD "can be retriggered if the individual is re-exposed to the perceived threat." Being "re-exposed" to the perceived wrong, however, is an inevitable consequence of litigation itself. If the case goes forward, Jane Doe will be deposed, no doubt in the presence of the accused defendant; in the less certain event of trial, she will presumably testify in a public courtroom and be subjected to cross-examination. These procedures would occur whether or not the pleadings disclosed Jane Doe's true name. There is simply no way to conclude that granting plaintiffs permission to proceed under pseudonyms will prevent Jane Doe from having to revisit the traumatic events—in other words, from being "re-exposed to the perceived threat."

Here, in support of her motion Plaintiff's counsel proffered two vague conclusory sentences speculating about a potential risk of mental harm if her motion to proceed anonymously were denied. The Lower Court properly remarked that Plaintiff failed to support her motion with any particularities about the alleged harm that she would face *uniquely* if she litigated in her own name apart from the general difficulty she would face from inevitably revisiting the events throughout discovery and litigation. Indeed, Plaintiff failed to substantiate her claims with any factual support either by way of a personal declaration or a declaration from a mental health professional to support her conclusory assertion of potential mental harm. Respectfully, the Court should not consider Plaintiff's personal declaration or the declarations of her mental health experts, which are outside

the record and submitted for the first time on appeal. *Reed v. Graham*, 2017 WL 2915631, at *12 (NDNY 2017).

Assuming purely arguendo that the Court were to consider any of Plaintiff's newly submitted materials outside the record, it would still be insufficient to demonstrate that Plaintiff would experience grave harm to her mental health uniquely if she litigated in her own name and apart from being "re-exposed to the perceived harm," which would occur regardless of pseudonym status. Plaintiff states in her Declaration that she experienced and continues to experience PTSD when she is "reminded about the events of April 12-13". Doe Declaration ¶39.  Plaintiff stated that she continues to experience debilitating PTSD. Id. ¶49.  Plaintiff claimed without explanation that she fears a complete psychological breakdown if forced to litigate in her own name. Id. ¶51.  Plaintiff further stated that she cared "very much about my identity being labeled publicly as a rape-victim." Id. ¶59. Plaintiff fails to explain how using her own name would be more traumatic than generally litigating and as described below Plaintiff posted on social media about being an alleged rape victim previously, undermining her current concerns.

The letters from Plaintiff's therapist and primary care physician ("PCP") similarly fail to explain how litigating in her own name would cause any unique harm outside of the exposure of litigating in general. See Exhibits C-D to Plaintiff's Declaration. Both Plaintiff's therapist and PCP state that Plaintiff has PTSD and experiences significant symptoms when discussing April 12-13 and both vaguely conclude that Plaintiff will be subjected to harm if she litigates in her own name, which could impact her healing. Id. Notably, neither Plaintiff's therapist nor her PCP addressed the mental health effects from the very public identifying moments Plaintiff already experienced by posting graphic details about being an alleged rape victim on Facebook. Plaintiff's declaration and the annexed letters should not properly be considered by this Court, but even if they were none of those submissions describe how litigating in her own name would cause any unique harm to the Plaintiff

that is not inherent in litigation, anonymously or not. Plaintiff claims to already be severely debilitated by her mental health and fails to explain how proceeding without a pseudonym would be uniquely harmful. *See Doe 1 v. United States*, 2024 WL 1885188, at *3 (S.D.N.Y. Apr. 30, 2024), *reconsideration denied*, 2024 WL 3738626 (S.D.N.Y. Aug. 8, 2024)(the harms: "have apparently, already occurred. However, nothing in the Complaint nor Plaintiffs' motion reference '"[t]he risk of psychological injury *stemming from identification.* "')(emphasis in original) quoting *Doe v. Solera Capital LLC*, 2019 WL 1437520, at *4 (SDNY 2019). *See also Doe v Del Rio*, 241 FRD 154, 161. Plaintiff will have to revisit and discuss the events that are the subject lawsuit whether she uses her own name or not. She failed to prove that using her own name would be uniquely harmful and warrant use of a pseudonym.

Furthermore, Plaintiff's concern about the shame associated with her allegations are belied by Plaintiff's actions as described in depth below and are insufficient to justify a pseudonym. Plaintiff <u>using her own name</u> posted on Facebook graphic details about her sexual assault claims lawsuit proclaiming: "NOT MY SHAME" and posting a smiling selfie captioned "trying to contain my excitement. Pressing first and second-degree rape charges with and a flexed arm emoji."[2] Plaintiff tries to walk back those actions with her improperly filed declaration framing them as a "trauma response", a convenient justification for this complete about-face. Additionally, Plaintiff's fear about proceeding without a pseudonym is less justified when Plaintiff willingly chose to associate her name with these allegations publicly on the internet. "There is 'no suggestion . . . that any of those disclosures' caused Plaintiff additional trauma 'or, if they did not, why further disclosure would yield a different outcome.' Decision p. 7 quoting *Rapp*, 537 F. Supp. 3d at 529. Plaintiff's therapist and PCP fail to even address this critical point.

---

[2] Exhibits A and B to the Moralez Declaration.

9

Moreover, Courts in this Circuit have repeatedly held that shame and humiliation are insufficient bases for the use of a pseudonym. *See Doe 1*, 2024 WL 1885188, at *4("plaintiffs' concerns about "public humiliation and embarrassment" generally are "not sufficient grounds for allowing [them] to proceed anonymously."" quoting *Shakur*, 164 F.R.D. at 362). *See also Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431, at *3 (SDNY 2015) ("[T]he potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.") *See also Skyline Auto.*, 375 F. Supp. 3d at 406 (court denied motion to proceed anonymously where plaintiff alleged that for her colleagues and acquaintances to know of her sexual abuse would further victimize her and identification would cause emotional distress); *Doe v. Townes,* 2020 WL 2395159, at *4.

## V.    The Lower Court Properly Considered Every Sealed Plaintiff Factor and Correctly Found that There was No Risk of Harm to Non-Parties

Plaintiff misinterpreted the caselaw and incorrectly argued that the Lower Court "relied on flawed non-binding case law".  One of the factors enumerated in Sealed Plaintiff is 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent nonparties;' *Sealed Plaintiff,* 537 F.3d at 189. Plaintiff conceded in her brief that: "There are no allegations in the Complaint or the Motion in which Plaintiff seeks anonymity because of fear of retaliation."  Yet, Plaintiff bizarrely argues that "It is not a factor and should not have been weighed against her, but it was."  It is clearly one of the factors recommended by the Second Circuit in *Sealed Plaintiff*.  See *Pilcher*, 950 F.3d at 43(District Court properly considered whether Plaintiff would be retaliated against if he litigated in his own name). *See also Delta Airlines Inc.,* 672 F. App'x at 52; *Rapp*, 537 F Supp 3d at 528.  Accordingly, the Lower Court properly held that this weighed against granting a pseudonym.

10

**VI.    The Lower Court Correctly Held that the Plaintiff Had Failed to Keep Her Identity Confidential After Plaintiff Posted About Her Allegations on Facebook**

The Lower Court correctly held that the seventh factor regarding whether Plaintiff had kept her identity confidential weighed against the Plaintiff here. On or about April 16, 2022.  Plaintiff in **her own name** publicly posted to Facebook the message annexed to the Moralez Decl. as Exhibit A:

> NOT MY SHAME: a colleague raped me anally and vaginally at work last week. I survived.
> I am home with my incredible family. I am reclaiming my voice. I am on leave till sabbatical.
> And I am pressing this as hard as I can in honor of all his victims before me. And all the women in academia who are raped. And all the women everywhere who are raped.
> Don't brutally rape one of the best social justice advocates in the world unless you're ready.

The next day on or about April 17, 2022, Plaintiff in her own name again posted a photo of herself smiling in front of a door that says "CHIEF OF POLICE" with the caption: "Trying to contain my excitement. Pressing 1st and 2nd degree rape charges [emoji of an arm flexing]". See Exhibit B to the Moralez Decl. Plaintiff proudly proclaimed in these posts that she was not ashamed.  Plaintiff chose to identify the alleged perpetrator as her colleague. Plaintiff also chose to include explicit details about her allegations in her post.  Plaintiff also stated in the post that there were other alleged victims from Moralez.

Plaintiff's characterization of her actions as telling people she knew that she was a rape victim is obviously flawed.  It is common sense that even if Plaintiff's posts were only visible to her Facebook "friends" (as she claimed for the first time on appeal) that she had no way to limit the dissemination of her posts after she posted them. Any of her Facebook "friends" could have and indeed did share Plaintiff's posts. Moralez was given screenshots of the post from Plaintiff's

Facebook "friends" even though he does not have Facebook. Once something is posted on the internet, even if it is subsequently deleted, there can be no rational expectation of privacy.

Moreover, Plaintiff did not request that anyone keep the matter private. In fact, Plaintiff's posts suggest that the opposite is true, that in fact she was proud to be pursuing her allegations. Yet now Plaintiff is trying to persuade the Court that she is so ashamed of the matter that she should be permitted to prosecute her claims anonymously. Plaintiff plainly associated her own name with very graphic language about the nature of the sexual assault allegations, contradicting any current claim by Plaintiff that litigating in her own name would be traumatic. Plaintiff's actions cannot simply be undone by deleting her posts. *See Corley v. Vance,* 2015 WL 4164377, at *9 (SDNY 2015) (plaintiff's identity was "a matter of public record" so "the cat is already out of the bag").  Moralez also submitted evidence (Exhibit C to Decl.) that Plaintiff in her own name messaged at least two young women that she did not know to warn them about Moralez and tell them that she was his "latest victim." Again, Plaintiff did not ask the recipients of her Facebook messages to keep her accusations against Moralez confidential, and they did not, as Moralez was given copies of the messages. Plaintiff's entire declaration and the attachments thereto are outside the record on appeal and should not be considered. *Reed*, 2017 WL 2915631, at *12. Moreover, Plaintiff's claim that Moralez did not allege that Plaintiff should have known the email from his Harasser was fabricated and that Moralez was being impersonated on Twitter, is false.  Moralez alleged in his counterclaims that Moralez's colleague shared with Plaintiff that Moralez was being harassed online and that Plaintiff reached out to Moralez's Harasser and shared false claims about Moralez. Doc. 12. Plaintiff working with the Harasser was an important basis for Moralez's counterclaim for intentional infliction of emotional distress, preserved after Plaintiff's motion to dismiss.

Furthermore, Plaintiff through her counsel sought attention for the lawsuit.  Plaintiff's counsel issued a press release which was reported by multiple media outlets. On April 5, 2023, the

day Plaintiff filed her complaint, Plaintiff's counsel posted an article[3] summarizing Plaintiff's claims and identifying Moralez "an assistant professor and co-chair of public health" at SLU as a defendant. The article states that Moralez "sexually assaulted and raped" Plaintiff. The article also includes Plaintiff's counsel's press release and a press coverage section with links to seven articles reporting on the Complaint. The article also has a link to the full 59-page complaint, which Plaintiff's counsel posted on their website. Plaintiff now denies that she distributed the flyer annexed to the Moralez Declaration as Exhibit D, which contains a QR Code and a link to the Complaint listed on Plaintiff's counsel's website[4] (and a "trigger warning SA statement from SLU employee"). Plaintiff's rancorous attack on the Lower Court for crediting Moralez's allegation that Plaintiff and/or her counsel were responsible for distributing the flyers is unwarranted bluster. It is frankly hard to believe that some unknown third party completely unassociated with Plaintiff or her counsel, created and distributed a flyer with a link to the Complaint on Plaintiff's counsel's website on SLU's campus.  However, even assuming that Plaintiff's claims are true that does not detract from the other steps taken by both Plaintiff and her counsel to attract public attention to the action and Moralez as a defendant both in Plaintiff's name and anonymously. Plaintiff has repeatedly shown a willingness to both associate her name with the allegations in the complaint and to draw attention to the action.  Accordingly, the Lower Court correctly held that Plaintiff should not be permitted to proceed anonymously.

Plaintiff seeks to distance herself from her very vocal and forceful publicization of her allegations in the within action by arguing that Plaintiff has not publicized her identity in this action having filed the complaint anonymously.  However, as the Lower Court correctly pointed out: "The record clearly shows that Plaintiff previously posted about the subject assault on Facebook twice,

---

[3] https://www.wigdorlaw.com/news-press/wigdor-llp-files-lawsuit-against-st-lawrence-university/. The link remains active.
[4] https://www.wigdorlaw.com/wp-content/uploads/2023/04/Complaint-Final-PDF.pdf

privately messaged an individual student about it."  The Lower Court quoting from *Rapp,* 537 F. Supp. 3d at 529 further observed that: "There is 'no suggestion . . . that any of those disclosures caused Plaintiff additional trauma 'or, if they did not, why further disclosure would yield a different outcome.'" Nor does Plaintiff allege that she "received assurances of confidentiality from any" of the people she disclosed information to."  Id. at p.7.

The Plaintiff misrepresented both the analysis employed and the conclusion reached by the Lower Court to make irrelevant arguments in support of her brief.  The Lower Court mentioned that: "Some courts have even "indicated that if the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied." *Doe v. Skyline Auto. Inc.,* 375 F. Supp. 3d at 407 (citing *Doe v. Nat'l Conference of Bar Examiners*, 2017 WL 74715, at *3 (EDNY 2017)). Importantly, the Lower Court did not state that the sole reason it found that Plaintiff failed to preserve her confidentiality was because her identity was revealed in the Title IX investigation and adjudication, rather the Lower Court observed that Plaintiff's own actions in posting about the alleged assault on Facebook *twice*, privately messaging strangers about it on Facebook, and the flyers on SLU's campus undercut her claim for a need for anonymity.  What is more, the Lower Court did not even mention that the flyer had a QR Code and a link to the Complaint listed on Plaintiff's counsel's website.  The link remains active today.

Furthermore, Plaintiff disingenuously attempts to distinguish herself from the *Rapp* Plaintiff by minimizing or denying Plaintiff's prior actions and disclosures and by blatantly misrepresenting the facts of the *Rapp* case.  537 F. Supp. 3d at 529. First, Plaintiff admits that she publicly[5] posted on Facebook using her own name and photo, with graphic details about her allegations in this action,

---

[5] While Plaintiff claims that her posts were only available to her Facebook "friends", that does not detract from the fact that she willingly sought outside attention to her identity in connection with these claims. Once something is on the internet there is no way to know or control how many people it was ultimately shared with.

*twice.* She also admits that she sent messages to at least three individuals, whom she did not know and who she did not request that they keep her identity confidential, naming Moralez as her alleged assaulter. Clearly, Plaintiff was previously not concerned about anonymity and not only did she fail to keep her identity confidential she actively publicized it in connection with the subject matter of this action. *See Doe v. Zinsou*, 2019 WL 3564582, at *6 (SDNY 2019)("A plaintiff's interest in anonymity is weakened where anonymity has already been compromised.") Second, Plaintiff misconstrued the facts in *Rapp*. While the *Rapp* Plaintiff revealed his identity to the pop culture site *Vulture,* in contrast to Plaintiff's insinuations, the article published by *Vulture* kept Plaintiff's identity confidential. The Court noted that *Vulture* verified some of the *Rapp* Plaintiff's assertions with his friends or acquaintances, which would have required *Vulture* to identify the plaintiff using his real identity to those specific individuals, not to the millions of people who visit the *Vulture* site. Similarly here, Moralez cited to multiple news websites who reported on Plaintiff's lawsuit[6], what is more Plaintiff's counsel issued a press release to the media regarding the action and proudly displays the media coverage the action received on their firm's website. Plaintiff defends her Facebook posts by claiming that she did not use Moralez's name in the posts. Anyone who saw her posts and came across any of the news articles about the case or the flyer on SLU's campus and the complaint on Plaintiff's counsel's website would easily piece together that Plaintiff was referring to Moralez in her Facebook posts. It is incredibly hypocritical for Plaintiff to seek to litigate anonymously while both Plaintiff and her counsel have actively sought out public and media

---

[6] https://www.news10.com/news/st-lawrence-county-news/lawsuit-involving-sexual-assault-allegations-filed-against-st-lawrence-university/
https://thehillnews.org/opinions/anonymous/st-lawrence-reaps-what-it-sows-the-doe-case
https://www.northcountrynow.com/stories/st-lawrence-university-and-faculty-member-named-in-rape-lawsuit-accused-professor-placed-on-leave,193661
https://www.adirondackdailyenterprise.com/news/local-news/2023/04/st-lawrence-university-named-in-sexual-assault-lawsuit/
https://www.law.com/newyorklawjournal/2023/04/07/professor-who-alleges-she-was-raped-by-colleague-claims-st-lawrence-officials-advised-her-not-to-get-attorney/

attention. Accordingly, here as in *Rapp*, this Court should affirm the Lower Court's decision to deny Plaintiff's motion.

**VII.    The Lower Court Correctly Held that Plaintiff Was Not Particularly Vulnerable to Disclosure Due to Her Being an Adult**

Plaintiff was an adult at the time of the alleged assault and when she brought the instant litigation. Therefore, the Lower Court properly held that the fourth *Sealed Plaintiff* factor weighed against anonymity.  Plaintiff oddly faults the Lower Court for considering all of the *Sealed Plaintiff* factors. See Plaintiff's MOL p. 15 ("The Second Circuit has not mandated that a court is "required" to use a single one of the ten factors it listed in *Sealed Plaintiff*. It is unreasonable to hold that because Plaintiff was 37 years old when she was raped that this fact *weighs against* her Motion.") Plaintiff's disagreement with the case law is not grounds to find that the Lower Court relied on an error of law. The Second Circuit in *Sealed Plaintiff* specifically identified age as the factor to be considered when evaluating a Plaintiff's vulnerability: "(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." 537 F.3d at 190 (internal citations omitted).

Plaintiff's age as an adult in bringing these serious allegations weighs against the necessity for her to use a pseudonym.  Following *Sealed Plaintiff* Courts in this Circuit have been clear on this point. "If a plaintiff is not a child, this factor weighs against a finding for anonymity." "The plaintiff's age is a critical factor" in the determination of the fourth factor, "as courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Rapp*, 537 F Supp 3d at 530. See *Doe 1* 2024 WL 1885188, at *4 ("The sole consideration in weighing the fourth *Sealed Plaintiff* factor is Plaintiff's age.") *See Doe v. Telemundo* 2023 WL 6259390, at *5 (Nor has she "identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny."

[S]he has failed to address this factor entirely. Accordingly, factor four weighs in favor of disclosure.) quoting *Weinstein*, 484 F. Supp. 3d at 96.

In fact, Courts in this Circuit have found that even if the Plaintiff were a minor at the time of the alleged sexual assault, but an adult at the time they brought their claims then this factor weighs against the Plaintiff's use of a pseudonym. *See Doe v. Townes*, 2020 WL 2395159, at *5 ("while Plaintiffs may have been minors when the abuse occurred, Plaintiffs are now adults with the capacity to make informed decisions for themselves. Plaintiffs have "chosen for [themselves] to pursue the litigation," *id.*, and ultimately, they have failed to identify any reason for the Court to treat them as more vulnerable than the run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny.) *See also Rapp* 537 F. Supp. 3d 530 ("though [plaintiff] brought allegations relating to alleged sexual abuse *as a minor, he now is an adult* in his 50s who has chosen to level serious charges against a defendant in the public eye.")

### VIII. The Lower Court Correctly Found that Moralez Would Be Significantly Prejudiced if Plaintiff is Permitted to Litigate Anonymously

Factor six requires the Court to analyze the prejudice Defendants will face if Plaintiff were to proceed anonymously. "Courts will examine the reputational damage to defendants, difficulties conducting discovery, and fundamental fairness of proceeding anonymously." *Townes*, 2020 WL 2395159, at *5. See also *Combs*, 2024 WL 863705, at *4. "[F]undamental fairness suggests that defendants are prejudiced when required to defend themselves publicly...while plaintiff makes accusations from behind a cloak of anonymity." *Rapp*, 537 F. Supp. 3d at 531–32.

The reputational damage to Moralez has been extensive. Plaintiff fails to acknowledge the gravity and severity of the harm that Moralez has already suffered and will continue to suffer as a result of Plaintiff's allegations. As set forth in his Declaration the damage to Moralez's reputation has already been monumental. Since leaving his position at SLU, Moralez has been unable to

procure another teaching job at any level despite his experience and accolades as an educator. Plaintiff's allegations of sexual assault subject Moralez, particularly because of his role as an educator of young people to heightened scrutiny and stigma.  It is significantly harder for Moralez to mitigate against this scrutiny and stigma if Plaintiff is permitted to remain anonymous. Id.

Furthermore, despite Plaintiff's claims to the contrary, keeping her name confidential could impede discovery by preventing potential witnesses from coming forward.  *See Id* at 531 ("By keeping C.D.'s identity confidential, "information about only one side may thus come to light."[9] This not only would prejudice [defendant] but would hinder "the judicial interest in accurate fact-finding and fair adjudication.") *See also Del Rio*, 241 F.R.D. at 159 ("[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses.")  *See also Weinstein*, 484 F Supp 3d at 97. Moralez is handcuffed from casting doubt on Plaintiff's credibility while she is permitted to remain anonymous

Plaintiff unreasonably denies that Moralez would be placed at a serious disadvantage in the litigation if she were permitted to proceed anonymously. First, speculation about Defendant SLU's failure to oppose Plaintiff's motion is obviously irrelevant to the prejudice Moralez would suffer. Second, the fact that SLU conducted a Title IX investigation into Plaintiff's allegations that according to Plaintiff involved extensive fact-finding, which ultimately found Moralez not responsible for any violations, is also of little relevance to the prejudice Moralez would face if Plaintiff is permitted to proceed anonymously.  Defendants' discovery in litigation should not be limited to the documents and witnesses already disclosed during the Title IX investigation.  Plaintiff is putting her credibility at issue, it is undeniable that there may be unknown witnesses, whose testimony would be probative on Plaintiff's credibility who will remain unknown if Plaintiff is permitted to litigate anonymously.

Further, allowing Plaintiff to proceed anonymously while Moralez is not granted such protection could cause embarrassment and stigma to Moralez and undermine principles of fundamental fairness. *See Roe v. Does 1-11,* 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020). As the *Rapp* Court noted: "Information and allegations that are highly sensitive and of a personal nature can flow both ways." 537 F Supp 3d 531 quoting *Doe v. Skyline Auto,* 375 F Supp 3d at 407. *See Anonymous v. Simon*, 2014 WL 819122, at *2 (SDNY 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.") Therefore, Plaintiff's allegations embarrass Moralez and "place him under the same stigma that concerns [Plaintiff]". 537 F Supp 3d 531. "There is prejudice against a defendant when a defendant is 'required to defend itself publicly before a jury while plaintiff could make [his] accusations from behind a cloak of anonymity.'" *Doe v Townes*, 2020 WL 2395159, at *5 (quoting *Delta Airlines, Inc.*, 310 F.R.D. at 225). *See also Doe v. Black Diamond Cap. Mgmt. LLC*, 2023 WL 2648017, at *5 (SDNY Mar. 27, 2023)("From a policy standpoint, a defendant is always at a disadvantage when sued by an anonymous plaintiff, such that it must "defend [itself] publicly [before a jury] while plaintiff could make her accusations from behind a cloak of anonymity.")

Contrary to Plaintiff's argument allowing Plaintiff to proceed anonymously will prejudice Moralez at every stage of litigation, not just trial. The use of Plaintiff's identity is critical to both Moralez's defense of Plaintiff's allegations and the prosecution of his counterclaims. The parties have commenced discovery, Plaintiff's continued use of a pseudonym will prevent potential witnesses from coming forward, which is particularly harmful when so much of the action depends on Plaintiff's credibility or lack thereof.  As stated by the Lower Court, "Plaintiff, who has "levie[d] serious allegations[,] 'put [her] credibility in issue'" when she commenced this action. *Doe v. Combs*, 2024 WL 863705, at *4 (quoting *Doe v. Leonelli*, 2022 WL 2003635, at *5). *See also Delta Airlines, Inc.*, 310 F.R.D. at 225 ("A witness who proceeds under her own name and is subject to potentially

19

rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account. Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing [the Defendant]....Finally, allowing Doe to proceed pseudonymously would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury."), *aff'd*, 672 F. App'x 48 (2d Cir. 2016). Accordingly, allowing Plaintiff to proceed anonymously would put Defendants at a severe disadvantage at all stages of litigation. Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants [c]ould have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 407.

Plaintiff makes the disingenuous argument that her pseudonym "did not impede the Defendants as part of the previously filed motions to dismiss."  First, *only* Defendant SLU moved to dismiss, not Defendant Moralez. Second, Moralez noted that Plaintiff's use of a pseudonym was improper and expressed his opposition to it from the moment he entered this litigation with the filing of his answer. Third, motions to dismiss involve generally legal/procedural arguments and therefore the use of Plaintiff's identity was perhaps less vital to SLU's arguments.

Plaintiff's attempt to distinguish this action from *Anonymous v. Simon*, 2014 WL 819122, at *2 (SDNY 2014) fails miserably. The Lower Court correctly observed that: "where, as here, the allegations are of a highly sensitive and personal nature, the potential for harm flows not only to Plaintiff but to Defendant Moralez as well." Decision p.10. The Lower Court aptly quoted from *Simon*: "Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff." Id. p.10. Plaintiff argues that this case is not comparable to *Simon* because the *Simon* Plaintiff gave an interview to the New York Post regarding her claims, in which she named the defendant, but kept her name confidential. First, the Lower Court correctly

held that *Simon* was instructive regarding the stigma to Moralez from Plaintiff's claims. Plaintiff describes at length the graphic and explicit nature of her allegations of sexual assault against Moralez. If Plaintiff fears humiliation from being the alleged victim of such acts, Moralez faces at least as much public scorn and humiliation from being accused of such heinous acts. Second, both Plaintiff's and her counsel's actions resulted in Plaintiff's allegations receiving significant attention, which was sufficient to have a devastating effect on Moralez's career. Plaintiff attempts to minimize her very public use of her name in connection with her allegations and fails to even address her counsel's role in publicizing her allegations. As described above, Plaintiff in **her own name** publicly posted to Facebook twice, offering explicit details about her alleged sexual assault. Plaintiff proudly proclaimed in these posts that she was not ashamed. Plaintiff chose to identify the alleged perpetrator as her colleague. Plaintiff also alleged in the post that there were other alleged victims from the Defendant.

Plaintiff's characterization of her actions as telling people she knew that she was a rape victim is obviously flawed. It is plainly common sense that even if Plaintiff's posts were only visible to her Facebook "friends" (as she claimed for the first time on appeal) that she had no way to limit the dissemination of her posts after she posted them. Any of her Facebook "friends" could have and indeed did share Plaintiff's posts. Moralez was given screenshots of the post from Plaintiff's Facebook "friends" even though he does not have Facebook. Once something is posted on the internet, even if it is subsequently deleted, there can be no rational expectation of privacy.

## IX.    The Lower Court Accurately Held that Factors Five, Eight, and Nine Relating to the Public Interest in Knowing the Plaintiff's Identity Weighed Against Anonymity

The fifth factor considers whether the action involves allegations against the government or private parties. Here, Plaintiff's allegations are against private parties so this factor weighs against her use of a pseudonym. "[C]ourts are less inclined to allow [plaintiffs] to proceed anonymously in

21

private party cases" because "suits against private parties may cause damage to their good names and reputations," whereas "[s]uits against the government involve no injury to the [g]overnment's reputation." *Skyline Auto.*, 375 F. Supp. 3d at 406 (internal quotation marks omitted).  *Doe v. Telemundo* 2023 WL 6259390, at *5.  Here, the Lower Court properly found that: "Given Plaintiff's extremely serious allegations, Defendant Moralez has a "substantial interest in maintaining [his] good name and reputation" and that accordingly, the fifth factor weighs against Plaintiff remaining anonymous. Decision p. 8 quoting *Skyline Autos.*, 375 F. Supp. 3d at 406.

The eighth factor considers whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity. Plaintiff's claim that the public is better served by not knowing her true identity is completely unfounded. *See Doe v. Black Diamond Cap. Mgmt. LLC,* 2023 WL 2648017, at *5("There is…no need for the Court to consider the potential chilling effect on a specific group of potential litigants separately from its application of the *Sealed Plaintiff* balancing test, which already requires a district court to exercise its discretion in the course of weighing competing interests.") The Lower Court, like numerous other courts in this Circuit, expressed sympathy for the Plaintiff who claimed to have been sexually assaulted, but not every Plaintiff who alleges sexual assault is entitled to litigate anonymously.

The Lower Court correctly acknowledged the public interest in protecting the identities of sexual assault victims, but properly observed that this interest alone was insufficient to warrant anonymity and that it was not the only public interest involved here. Decision p. 9. "There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Doe v. Combs*, 2024 WL 863705, at *5. As Moralez described in his opposition below, anyone can accuse someone of sexual abuse. Being able to evaluate and examine the accuser's credibility is of critical importance, particularly in cases where the complaint is comprised of facts that are heavily dependent on the plaintiff's testimony. *Doe v. Delta Airlines*

*Inc.,* 672 F. App'x 48, 52 (2d Cir. 2016)("This is not a case that involves abstract challenges to public policies, but rather particular actions and incidents. Thus, open proceedings benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.") "Lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Cornell Univ.*, 2021 WL 6128738, at *8 quoting *Shakur*, 164 F.R.D. at 361. *See Doe v. Leonelli*, 2022 WL 2003635, at *4 ("[T]he public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities.") The public's general interest in knowing the underlying facts of a litigation, including the identities of the litigants is magnified here because Plaintiff has made her allegations against a well-known university and the case has already garnered notable media attention, likely due to Plaintiff and/or her counsel's own efforts.

In *Doe v. Leonelli*, 2022 WL 2003635, at *4, like here: "Plaintiffs claim that the public's interest is furthered by anonymity because there is a public interest in protecting those who make sexual assault allegations so that victims are not deterred from reporting those crimes." The *Leonelli* Court remarked that: "In *Rapp*, the Plaintiff made these same arguments, but to no avail… 'the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature.'" quoting *Rapp*, 537 F.Supp.3d at 533.

The Leonelli Court continued that the Court in *Rapp*: "ultimately found on the balance that the plaintiff's privacy interests as a sexual assault survivor who had chosen to level serious claims against the defendant in a public forum did not outweigh the public's interest in open judicial proceedings. So too here. The Court's only role in assessing this factor is to weigh the public's significant interest in open judicial proceedings against the Plaintiffs' countervailing privacy

interests. Striking that balance, the Court finds that this factor weighs against proceeding anonymously." *Id.* Similarly here, the Lower Court correctly held that the public's interest in Moralez as the accused being able to publicly confront his accuser and the public's interest in open judicial proceedings outweighed Plaintiff's interest as an alleged sexual assault survivor.

The ninth factor considers whether because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities. *Rapp v. Fowler*, 537 F. Supp. 3d at 532. The Lower Court correctly observed that Plaintiff's allegations of sexual assault are factual in nature and that "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." Decision p. 10 *quoting N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8. The Lower Court properly noted that: "These allegations are of the type that "further the public's interest in enforcing legal and social norms." *Id.* Plaintiff's outrage at the Lower Court's use of the term "social norms" is at best misplaced. That terminology is not evidence of callousness, but is exactly how courts in this Circuit refer to cases that involve private disputes between individuals rather than challenges to government policies. The only callousness involved in this appeal is the way Plaintiff mischaracterizes the well-reasoned analysis and Decision of Judge Stewart. *See. Townes*, 2020 WL 2395159, at *5 (courts recognize "'there is a significant interest in open judicial proceedings even in ordinary civil litigation [because they] do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.'" quoting *Del Rio*, 241 F.R.D at 159.)

## X.     The Lower Court Properly Noted that There Are Alternative Mechanisms to Protect Plaintiff's Confidentiality

The parties have already entered into a confidentiality agreement/protective order. Courts have held that protective orders and redactions to particularly sensitive information can address a plaintiff's concern for confidentiality without the "drastic remed[y]" of "blanket anonymity". *Rapp*

*v Fowler,* 537 F Supp 3d 521, 533 (SDNY 2021) *quoting Doe v Weinstein,* 484 F Supp 3d 90, 98 (SDNY 2020).   Accordingly, the Lower Court correctly found that this factor weighed against anonymity.

## CONCLUSION

The Lower Court correctly held that factors enumerated by the Second Circuit in *Sealed Plaintiff* strongly weigh against granting Plaintiff's motion. Plaintiff's unwarranted attack on the Lower Court is unwarranted and clearly contradicted by the case law.  Plaintiff's improper submissions of matters outside the record on appeal failed to cure the defects in her motion.  The Lower Court properly found that on balance the interests of open proceedings, fundamental fairness, the prejudice to Moralez, and the fact that Plaintiff is an adult and has not kept her identity confidential outweighed Plaintiff's interest in litigating anonymously. Plaintiff has failed to demonstrate that the Lower Court's Decision was not within the range of permissible decisions and accordingly her appeal should be denied.

**Dated: August 29, 2024**

<div style="margin-left:40%">

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**
***Attorneys for Defendant Ernesto Moralez***

By: ***/s/ Andrew T. Miltenberg***
**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Helen J. Setton, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
AMiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
hsetton@nmllplaw.com

</div>