UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
JANE DOE,                                                  :
                                                           :   Civil Action No.: 8:23-cv-00426 (BKS) (DJS)
                            Plaintiff,    :
                                                           :
                v.                               :
                                                           :
ST. LAWRENCE UNIVERSITY, and                               :
ERNESTO MORALEZ, in his individual                         :
and professional capacity,                                 :
                                                           :
                          Defendants.   :
---------------------------------------------------------- X

**PLAINTIFF'S REPLY IN SUPPORT OF HER APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

**WIGDOR LLP**

Jeanne M. Christensen
Brooke Payton (admission pending)

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845
jchristensen@wigdorlaw.com
bpayton@wigdorlaw.com

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

LEGAL ARGUMENT ................................................................................................................1

I. Applicable Law: *Sealed Plaintiff v. Sealed Defendant* ..........................................1

II. *Sealed Plaintiff*'s Factors Four and Nine Are Not Relevant and it was Error to Weight Them Against Plaintiff..................................................................................................3

III. Factor Six ...................................................................................................................5

IV. Factor Seven...............................................................................................................7

V. Factor Eight................................................................................................................8

VI. Factor Ten ..................................................................................................................9

VII. Factors Two and Three .............................................................................................9

CONCLUSION.........................................................................................................................11

i

# **TABLE OF AUTHORITIES**

Cases                                                                                                                                    Page(s)

Doe #1 v. Syracuse Univ.,
   No. 18 Civ. 496 (FJS) (DEP), 2018 WL 7079489 (N.D.N.Y. Sept. 10, 2018) ........................... 2
Doe No. 2 v. Kolko,
   242 F.R.D. 193 (E.D.N.Y. 2006)................................................................................................. 6
Doe v. Combs,
   No. 23 Civ. 10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024).................................. 8
Doe v. Daedone,
   No. 24 Civ. 4434 (JAM), 2024 WL 3897078 (E.D.N.Y. Aug. 22, 2024) .......................... 2, 5, 9
Doe v. Deschamps,
   64 F.R.D. 652 (D. Mont. 1974).................................................................................................. 3
Doe v. Nat'l Conference of Bar Examiners,
   No. 16 Civ. 264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) ............................................ 7
Doe v. Niagara Univ.,
   No. 23 Civ 1311 (LJV), 2024 WL 1363676 (W.D.N.Y. Apr. 1, 2024) ...................................... 8
Doe v. Skyline Auto,
   375 F. Supp. 3d 401 (S.D.N.Y. 2019) ............................................................................. 2, 3, 5, 8
Doe v. Stegall,
   653 F.2d 180 (5th Cir. 1981)................................................................................................... 3, 4
Doe v. Telemundo Network Grp. LLC,
   No. 22 Civ. 7665 (JPC), 2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023).................................... 8
Doe v. United Services Life Ins. Co.,
   123 F.R.D. 437 (S.D.N.Y. 1988)................................................................................................ 3
Does I thru XXIII v. Advanced Textile Corp.,
   214 F.3d 1058 (9th Cir. 2000) ............................................................................................... 3, 10
P.F. v. Brown,
   80 Misc.3d 893 (Sup. Ct. Queen's Cty, 2023) ........................................................................... 5
Plaintiffs # 1-21 v. County of Suffolk,
   138 F.Supp.3d 264 ( E.D.N.Y. 2015)....................................................................................... 10
Rapp v. Fowler,
   537 F. Supp. 3d 521 (S.D.N.Y. 2021) ........................................................................................ 8
Sealed Plaintiff v. Sealed Defendant,
   537 F.3d 185 (2d Cir. 2008) ......................................................................................... 1, 2, 3, 5

Statutes

N. Y. Civil Rights Law § 50-b.......................................................................................................... 4

Rules

Fed. R. Civ. P. 72.1.......................................................................................................................... 1

Plaintiff Jane Doe ("Ms. Doe") submits this reply memorandum of law in further support of her appeal, pursuant to Local Fed. R. Civ. P. 72.1(b) ("Rule 72.1(b)"), of the July 9, 2024 decision (Dkt. No. 63) (the "Decision") that denied Plaintiff's motion to proceed in this action as "Jane Doe," and in opposition to the memorandum of law submitted by Defendant Ernesto Moralez ("Moralez") (Dkt. No. 78). For the reasons set forth in Plaintiff's moving memorandum of law (Dkt. No. 71) and below, the Decision should be reversed.

## LEGAL ARGUMENT

I. **Applicable Law: *Sealed Plaintiff v. Sealed Defendant***

In Plaintiff's moving memorandum of law (Dkt. No. 71), a detailed discussion was set forth of the Second Circuit authority, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). *See* Dkt. No. 71, 3-6. In that case of first impression, the Second Circuit gave district courts guidelines to help render decisions about whether a party can proceed under a pseudonym. The Second Circuit did not direct lower courts to engage in a balancing test in which the examples of issues other courts had considered (listed as factors 1-10) must be examined and assigned weight. *Sealed Plaintiff* is not precedent for an equation-based analysis. To the contrary, *Sealed Plaintiff* stands for the proposition that depending on what issues are relevant in a particular case, a court is to balance those specific, relevant interests. *Sealed Plaintiff,* 537 F.3d at 189-190. The Second Circuit reasoned:

> We endorse the Ninth Circuit's formulation and hold that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. This balancing of interests entails the consideration of several factors that have been identified by our sister Circuits and the district courts in this Circuit. **We note with approval the following factors, with the caution that this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration.**

1

*Id.* at 189-90 (emphasis added).

Following the Ninth Circuit's non-mechanical test, the Second Circuit gave a "non-exhaustive" list of ten factors that "**have been identified by our sister Circuits and the district courts in this Circuit,**" which a court *may* consider:

> (1) Whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the … party [seeking to proceed anonymously] or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (citations omitted). These clear instructions unfortunately have been eroded in some later district court decisions, including *Doe v. Skyline Auto*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019) which is discussed at length in Plaintiff's moving memorandum of law precisely because it is not reliable precedent. Dkt. No. 71, 11-13. Notwithstanding that some courts have followed *Doe v. Skyline Auto* in error, other courts have continued to adhere to *Sealed Plaintiff* and not given weight to factors that have no relevance to the underlying facts, much less used non-relevant factors to negatively weigh against a party seeking anonymity. *See Doe v. Daedone*, No. 24 Civ. 4434 (JAM), 2024 WL 3897078, at *5 (E.D.N.Y. Aug. 22, 2024) (considering only factors one, six, eight, and ten in granting anonymity to plaintiffs alleging sexual assault); *Doe #1 v. Syracuse Univ.*, No. 18 Civ. 496 (FJS) (DEP), 2018 WL 7079489, at *4 (N.D.N.Y. Sept. 10, 2018), *report and recommendation adopted*, No. 18 Civ. 00496 (BKS) (ML), 2020 WL 2028285 (N.D.N.Y. Apr. 28,

2

2020) ("in *Sealed Plaintiff*, the Second Circuit did not espouse the wooden application of those considerations.")  *Sealed Plaintiff* did not issue a multi-factor test for mechanical application and had proper consideration of Plaintiff's unique facts been given without emphasis on unrelated issues, Plaintiff's motion to continue to proceed as Jane Doe would have been granted.

**II.     *Sealed Plaintiff*'s Factors Four and Nine Are Not Relevant and it was Error to Weigh Them Against Plaintiff**

The Second Circuit included factors four and nine[1] because these were issues presented in other cases analyzed by "our sister Circuits and the district courts in this Circuit."  *Id.* at 189-90.  But these issues have nothing to do with the underlying facts in this case.  The Decision assigned weight to them and by doing so, inherently prejudiced Plaintiff.  When she was raped, Ms. Doe was married and a mother to two young children.  But her "age" as an adult woman is not something to use as a fact that weighs *against* her proceeding anonymously.  *Sealed Plaintiff* does not stand for such a proposition.  The Decision considers Ms. Doe having been 37 years old when she was being raped a strike against her, "[b]ecause Plaintiff was an adult when the alleged assault occurred and 'provides no evidence that her age makes her *particularly vulnerable* to the possible harms of disclosure,' the fourth factor weighs against allowing Plaintiff to proceed anonymously in this matter."  Decision, 8 (emphasis added).  As precedent, the Decision cites *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 406.  The cases relied upon by the Second Circuit make clear that parties are not required to affirmatively prove why they are particularly vulnerable based on their age.[2]  Punishing Ms. Doe for facts outside of her control, such as her age, is antithetical to *Sealed*

---

[1] These factors are "(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;" and "(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities."  *Sealed Plaintiff*, at 189-190.
[2] The Second Circuit in *Sealed Plaintiff* relied heavily on the Ninth Circuit decision in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), which in turn relied on cases involving a myriad of factual patterns, specifically: *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (permitting FLSA plaintiffs to use pseudonyms to protect them from employer reprisals); *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual), and *Doe v.*

3

*Plaintiff*. The harm from what happened to her is so severe she has not been able to work a single day as a college professor since April 12, 2022. Declaration of Jane Doe, Dkt. No. 72, ("Doe Decl.") ¶¶ 39-49, 60-61. Not only does the thought of standing up in front of a classroom trigger her PTSD to such a degree that she suffers immediate severe anxiety and panic, with mental, emotional and physical symptoms, but the proposition that she would look out at a classroom of students knowing that publicly available information on the internet shows that she was the victim of anal rape – is so severe that at this juncture Plaintiff cannot imagine being able to teach again. *Id.* ¶¶ 41-46. Such representations are far from claims that she would suffer mere "generalized embarrassment" if her name was made public. It was improper to deny Ms. Doe to proceed anonymously at this time because she is not a minor.

Similarly, as to factor nine, the facts and legal claims asserted by Ms. Doe against Defendants are not "purely legal in nature." But this does not mean a court is required to weigh against Plaintiff's request to proceed anonymously. The public does not have a strong interest in the identity of a sexual assault victim. This is why the New York legislature adopted New York's Civil Rights Law, Section 50-b, to protect rape victims from the harm inherent in public scrutiny. *See* Dkt. No. 71, 9. Nevertheless, the Decision reads:

> This action does not involve a purely legal issue. Plaintiff alleges that she was sexually assaulted and sexually harassed. These allegations are of the type that further the public's interest in enforcing legal and social norms. Additionally, the allegations here are factual in nature, involving particular actions and incidents. Thus, open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.

Decision, 10 (citations and quotations omitted). No basis exists to suggest that there is a strong public interest in knowing her identity for "social norms" purposes; it is a greater public concern

---

*Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy)). Id. at 189-90.

4

that sexual assault victims are encouraged to report such crimes. *See P.F. v. Brown*, 80 Misc.3d 893, 896 (Sup. Ct. Queen's Cty, 2023) ("generally, there is a strong public interest in protecting the identities of alleged sexual abuse/assault victims, so that other victims will not be deterred from reporting similar crimes."). Ms. Doe is not asking to seal this proceeding and the docket is available to the public. To the detriment of Ms. Doe, the Decision went beyond the scope of the Court's discretion by giving substantial weight to factors four and nine, which are not relevant. In addition, factor five should not have been weighed against Plaintiff, yet that is exactly what the Decision did. Decision, 8-9. Where defendants are governmental entities, such a fact can weigh in favor of anonymity but the reverse is not true. *Sealed Plaintiff* does not stand for this proposition, and as in *Doe v. Daedone*, where the defendants were private parties, this does not even require a court to consider the fifth factor. *Id.*, 2024 WL 3897078, at *5.

### III.    Factor Six

In connection with factor six[3] the Decision reads:

> Allowing Plaintiff to proceed anonymously would put Defendants at a severe disadvantage at all stages of litigation. Certainly, Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants could have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff. For these reasons, the sixth factor weighs against Plaintiff's identity remaining anonymous.

Decision, 11. The Decision relies on *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 407, which as explained in Plaintiff's moving memorandum of law, applies faulty reasoning. *See* Dkt. No. 71, 11-13. Moralez's argument that revealing Ms. Doe's identity is "critical" is conclusory and without merit. Dkt. No. 78, 17-18. Moralez claims that witnesses he needs to attack Ms. Doe's credibility

---

[3] This factor is "(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff,* at 190.

5

will not come forward. *Id.* He neglects the fact that for over a year while the Title IX investigation was underway, he had many opportunities to question witnesses, and because he also was an assistant professor at St. Lawrence University ("SLU"), he knows the people who have information relevant to the underlying facts. Hundreds of pages of documentation obtained as part of the investigation were made available to Moralez. Dkt. No. 71, 17-18. The Decision ignores these facts and instead proclaims that *generally* because a plaintiff's anonymity could potentially prejudice a defendant, that must be the case here. Decision, 9. This conclusion was to the detriment of Plaintiff and impacted the decision to deny her use of a pseudonym. This is a civil matter that is in the initial stages of discovery with a trial date far in the future. The right to proceed as a Jane Doe can be challenged at any time in the litigation, including immediately prior to trial, and the Decision wrongly failed to consider this in its analysis. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193,198 (E.D.N.Y. 2006) ("the restrictions contained in this order only apply to the discovery period and may be reconsidered if this case goes to trial.").

Similarly, it was error to hold that at this juncture, anonymity will deny Moralez's "right to confront an accuser," when the litigants are nowhere near trial. Decision, 9. Defendant can renew his objection before the action is in front of a jury. Given the severe harm to Plaintiff by forcing her to publicly out herself as a rape victim, the use of such reasoning at this stage is improper. In his opposition, Moralez focuses on harm he has incurred from being named as a defendant. Dkt No. 78, 17-18. But factor six does not concern what, if any level of harm the defendant has experienced in the case <u>from being named</u> the issue is whether a defendant is "prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff* at 190.

6

### IV.    Factor Seven

The Decision skewed the factual record and the result was an improper analysis of factor seven, to Plaintiff's detriment. This issue involves "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff* at 190. Common sense shows that if Plaintiff's name was already public in connection with this action before the Court, then it is likely moot to consider a motion to proceed under a pseudonym. This was discussed at length in Plaintiff's memorandum of law regarding *Doe v. Nat'l Conference of Bar Examiners*, No. 16 Civ. 264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017). *See* Dkt. No. 71, 11-13. In *Doe v. Nat'l Conference of Bar Examiners* the court held that in numerous publicly filed <u>state and federal court actions</u> relating to the <u>same matter</u>, the plaintiff had used her full name, and even used her full name when signing an amended complaint in the case before it. *Id.* at *3. In contrast, no state or federal court actions exist involving Ms. Doe that have any connection to this action. Declaration of Jeanne M. Christensen (Dkt. No. 73) ("Christensen Decl.") ¶ 12.

It was reversible error to conclude as a finder of fact that "Plaintiff previously posted about the subject assault on Facebook twice, privately messaged an individual student about it, and passed out flyers about the assault on SLU's campus." Decision, 7. First, rather than posting to the entire Facebook world which has billions of users, Ms. Doe's private Facebook post was made shortly after the sexual assault in reference to filing *criminal* charges of rape, and Ms. Doe did not mention Defendant's name or identify him. Critically, the post was deleted shortly thereafter. Doe Decl. ¶¶17-22. This conduct took place almost a year before this action was commenced, not when this case was filed, and can hardly be used to suggest that the public "already knows" her identity. As for the private messages to two women, the Decision took these out of context and failed to acknowledge that she sent them in fear that the recipients were in physical danger. Ms. Doe

7

explains that if she did not believe the two women were in danger, she would not have sent the messages. Doe Decl. ¶¶ 24-27. This is not conduct showing she was openly identifying herself to the public as a rape victim. Lastly, the notion that Ms. Doe herself passed out flyers on SLU's campus was not "clearly [shown]" by the record and is false. Ms. Doe had never even seen the flyers referenced by the Decision until an image depicting them was filed in this lawsuit. Nor did Wigdor LLP play any role in the creation or distribution of the flyers. Doe Decl. ¶ 34-36; Christensen Decl. ¶¶ 7-11. Misstating the facts of the case to such a degree is reversible error.

## V.     **Factor Eight**

In connection with factor eight, the Decision overemphasizes the importance of revealing Ms. Doe's identity and claims that the public has a "strong interest" in knowing Plaintiff's identity, even where she was the victim of anal rape. The cases relied on in the Decision, *Doe v. Telemundo Network Grp. LLC*, No. 22 Civ. 7665 (JPC), 2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023) and *Doe v. Combs*, No. 23 Civ. 10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024), which in turn relied on *Doe v. Skyline Auto* to support their denials of anonymity, and in connection with factor eight, cited *Rapp v. Fowler*, 537 F. Supp. 3d 521 (S.D.N.Y. 2021). *Rapp v. Fowler* is readily distinguishable on its facts from this case and reliance on it was misplaced. Dkt. No 71, 16-17. Other courts have distinguished between the generalized interest in litigation versus knowing the identities of particular litigants. *See Doe v. Niagara Univ.*, No. 23 Civ 1311 (LJV), 2024 WL 1363676, at *2 (W.D.N.Y. Apr. 1, 2024) ("although the public has an interest in this litigation, that does not necessarily mean that the public has a similarly strong interest in learning the identities of all the individuals involved."). If Moralez wants to use Ms. Doe's name at trial, he can file a motion then. At this stage, Ms. Doe's identity provides no material benefit to the public –

especially when weighed against the tangible harms that are certain to occur to Ms. Doe if she were forced to reveal her name.

## VI.  Factor Ten

The Decision, weighing all ten factors as if it were a mathematical equation, incorrectly weighed factor ten against Plaintiff.  This action already has a filed Confidentiality Stipulation and Protective Order.  Such an order would not protect Plaintiff if the public had access to her identity on the public docket.  Neither the Decision nor Moralez explains how the Confidentiality Stipulation and Protective Order protects Ms. Doe from the obvious harm that would stem from forcing her to reveal her identity.  Indeed, the court in *Doe v. Daedone* considered this factor correctly because it was weighed directly against the obvious harm to Plaintiff should she be forced to disclose her identity.  The court in *Doe v. Daedone* only considered factors one, six, eight, and ten in its analysis, and reasoned:

> Nonetheless, the first *Sealed Plaintiff* factor strongly weighs in favor of granting Plaintiffs' motion because their complaint contains allegations of sex trafficking and sexual assault. The other factors that are most relevant here—particularly whether Defendants will be prejudiced, whether the public's interest in the litigation is furthered by requiring Plaintiffs to disclose their identities, and whether there are alternative mechanisms for protecting Plaintiffs' confidentiality—do not, at this stage, outweigh Plaintiffs' interest in anonymity in light of the sensitive nature of the allegations in the complaint.

2024 WL 3897078 at *5.  This is the analysis required at this juncture in this case.  Had that been done, and without improperly holding that the "record clearly shows" Plaintiff had disseminated flyers and made other public representations connecting herself to Moralez and this litigation, the motion to proceed under a pseudonym would have been granted.  The denial of her ability to proceed using a pseudonym is manifest injustice given the facts in this specific case.

## VII.    Factors Two and Three

Finally, the Decision improperly conflates factors 2 and 3 to the detriment of Plaintiff. *See* Dkt No. 71, 9-11. The Decision's demand for "uniqueness" and "corroboration" flatly denies the reality of victim blaming and shaming that sexual assault victims face. While Plaintiff argued that she did not fear physical retaliatory harm from defendants or members of the public if her identity were disclosed, this does not negate the detrimental impact disclosure would cause. *Id.* As pointed out, Moralez's counterclaims contain numerous false allegations that would directly invite victim-shaming and blaming and ridicule. *Id.* Ms. Doe has been unable to work for over two years due to the rape. Doe Decl. ¶¶ 60-61. Public disclosure of her identity would undoubtedly hamper her efforts to return to teaching. Moreover, where physical harm is a possibility, courts consider factors two, three and four together. See *Plaintiffs # 1-21 v. County of Suffolk*, 138 F.Supp.3d 264, 274 ( E.D.N.Y. 2015) ("here, there are allegations that the plaintiffs are not only at risk of deportation but have also allegedly been the subject of intentional and potentially criminal conduct at the hands of [defendants]… therefore, based on the unique allegations at issue in this case, the second, third, and fourth factors weigh in favor of anonymity.") (citing *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d at 1071) ("[W]here, as here, plaintiffs fear extraordinary retaliation, such as deportation, arrest, and imprisonment, plaintiffs do not need to prove that they face a danger of physical injury.")).

In sum, the Decision should have limited its consideration to the factors relevant to this case which would have favored, on balance, granting anonymity to Plaintiff. The underlying facts are highly sensitive, especially given that she was raped anally. The harm caused to Plaintiff by disclosure of her identity, when balanced against the weak interest the public has in knowing her identity, reveals that the Decision was rendered using a misapplication of the relevant Second

10

Circuit legal principles, and further, considered facts that are false. It is reversible error and Plaintiff's Motion should be granted.[4]

## CONCLUSION

For the reasons stated above, the Court's Order of July 9, 2024 should be reversed in its entirety.

Dated: September 19, 2024
       New York, New York

Respectfully Submitted,

**WIGDOR LLP**

By: _/s/ Jeanne Christensen_
    Jeanne M. Christensen
    Brooke Payton (admission pending)

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
bpayton@wigdorlaw.com

*Counsel for Plaintiff*

---

[4] Alternatively, in the event the Court does not consider Ms. Doe's declaration on the record, Plaintiff respectfully requests that the Court consider allowing her to refile the Motion. Ms. Doe's declaration clarifies facts about her communications and gives additional information regarding her psychological harm. If the Court accepts Ms. Doe's declaration herein, which is within the Court's discretion, doing so will ensure that declarations from two of Plaintiff's treating medical professionals also are on the record.