

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

May 13, 2025

**VIA ECF**

Magistrate Judge Daniel J. Stewart
United States District Court for the Northern District of New York
Federal Building and Courthouse
P.O. Box 7367
Syracuse, New York 13261

      RE:    Morrell v. St. Lawrence University et al., Case No.: 8:23-cv-00426 (BKS) (DJS)

Dear Judge Stewart,

Our office represents Plaintiff Erica Morrell ("Plaintiff") in connection with her claims against Defendants St. Lawrence University ("SLU") and Ernesto Moralez ("Moralez"), in the above-referenced action. Pursuant to Local Rule 37.1, we write to request a conference before the Court regarding an ongoing discovery dispute that the parties have not been able to resolve. Attached hereto is an affidavit regarding the attempts to resolve.

In sum, since June 2024, Plaintiff has attempted to obtain relevant information and documents from Moralez. Not only is Moralez obligated under Fed. R. Civ. P. 26 to produce relevant information and documents about Plaintiff's claims, but also because he asserts counterclaims against Plaintiff, he is obligated to produce discovery in connection with his own causes of action of defamation and intentional infliction of emotional distress which he alleges has caused him economic and emotional distress damages. As set forth in the attached affidavit, Moralez has produced only 234 pages of documents which primarily are from the Title IX proceeding at SLU and for which all parties already are in possession of. Further, 77 pages of his production are a Faculty Handbook from SLU. To date, Plaintiff does not have any information about emotional distress damages as not a single medical record has been produced. In comparison, Plaintiff has produced hundreds of pages of medical records and continues to supplement her production. The only documents relating to alleged economic damages incurred by Moralez are less than ten pages of what appear to be several online job inquiries and rejections, and a single page showing a 2024 W-2 from a previously undisclosed entity and for which Plaintiff knows nothing about.

Additionally, Moralez's role at SLU as the Co-Chair of the Public Health Department and his responsibilities, including as they relate to Plaintiff's role, are a critical aspect of Plaintiff's claims and a matter in dispute. Although a reasonable and straightforward request was made to Moralez regarding this subject, as recently as April 17, 2025, he has refused to produce any relevant



information, stating that he has already produced documents or otherwise is not in possession.[1] *See* Ex. G attached to the Christensen Declaration. Presently, the parties intend to conduct depositions of both Plaintiff and Moralez during the week of June 9-13, 2025. However, Plaintiff will be prejudiced if forced to depose Moralez without the benefit of relevant documents and information in his exclusive possession and the deposition will be unable to go forward.

On March 4, 2025, Your Honor extended discovery in this case to August 29, 2025 but made clear that further requests for extension would not be permitted. With that in mind, Plaintiff respectfully requests a conference with the Court to discuss and hopefully resolve the issues listed in this letter. Plaintiff has attempted to resolve the issues without the need for the Court's intervention, but as described in the affidavit attached, that has not been possible thus far.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Jeanne M. Christensen

---

[1] Number 10 of the document requests sent June 7, 2024, to Moralez reads: Produce all documents, communications and/or ESI regarding your job duties and responsibilities as both an Assistant Professor and as the Co-Chair of the Public Health Department.